## FIDELITY UNION CASUALTY CO. v. KLATT et al.

### No. 2626.

Court of Civil Appeals of Texas. El Paso. Feb. 4, 1932.

Rehearing Denied March 17, 1932.

418

King, Wood & Morrow, of Houston, for appellant.

Heidingsfelder & Kahn and Samuel Schwartz, all of Houston, for appellees.

WALTHALL, J. (after stating the facts as above).

Appellant's suit is in the usual form to set aside the award of the Industrial Accident Board. Appellee filed an answer to the suit consisting of demurrers, exceptions, and general denial. Then under the same cover appellee, under paragraph 5 of his petition, pleaded a cross-action in which he states, in substance, that the Industrial Accident Board on June 5, 1930, made and entered an award in the matter of his claim as employee, for compensation under the Employers' Liability Act of this state against appellant, as insurer, wherein and whereby appellant, as the insurer under said act, was ordered and directed to pay to him (appellee), and his attorney of record, compensation stating the rate per week not to exceed 401 weeks from and after September 16, 1929, which said award is in words and figures substantially as follows: Then setting out the verbiage of said award in full. Appellee then alleged that said award is the identical matter referred to and mentioned in appellant's petition on file herein, and in his pleading identified the parties in the proceedings before the board in the matter of securing said award with the parties in the instant suit; alleged that said award had in no wise been altered or changed by agreement or order of the board and that said award was still in full force and effect, and that even though appellant has formerly taken such steps and complied with the law to entitle it to maintain its suit to have said award set aside, such steps were not so taken in good faith for justifiable cause and/or upon legal and/or reasonable grounds, but such steps were taken and such proceedings had for the sole purpose of hindering and delaying appellee in the collection of his just dues, compensation, and claim and defeating said order of said board; that notwithstanding said award was made, appellant, though legally bound and liable, has refused to pay appellee said award; then proceeding appellee alleges that by reason of the default of appellant, as stated, appellee is entitled to mature his claim as established by the board's award, etc. Under the above paragraph of the petition seeking to mature the award of the board, appellee did not allege that appellant insurer had not given notice to the board of its appeal within the required time, nor that appellant's suit was not filed in a court of competent jurisdiction in due time after notice. The trial court overruled appellant's general demurrer to the above paragraph of appellee's petition seeking to mature the award of the board on the ground solely that appellant's appeal was not taken in good faith, but was for the purpose of hindering appellee in the collection of his award.

Appellant's first proposition complains of the overruling of its general demurrer to the above count of appellees' petition.

The court permitted appellee to read to the jury the above-stated paragraph of its petition.

Appellant's second proposition submits that the award of the board being in favor of appellee awarding him compensation for total incapacity, its suit being to set aside such award, such portion of appellees' pleading, as above, which sets out in full the award of the board, and which pleading alleges specifically that said award was in appellee's favor,

should have been stricken upon exception, and that portion of appellee's petition should not have been permitted read to the jury.

We think the two propositions may be discussed together; both are directed to the first count of appellee's petition. Appellant's contention is that so long as the insurer gives due notice of his appeal, after the award has been made by the board, and files its suit to set aside said award within the time required after the notice, appellee has no right to mature the award whether such notice and filing of suit is in good faith or not; and when appellant has given due notice and has duly filed its suit, appellee has no right by his pleading, as in said first count, to get before the jury the fact that the board has granted him an award for total incapacity; nor that said award is in force; nor that appellant's appeal is not in good faith, as in the first count of appellee's answer.

Section 5 of article 8307, Rev. Civ. Statutes, provides, in effect, that if after having given the required notice to the board of its unwillingness to abide by the award, it fails to file its suit within the required time, then and in that event the board's award becomes final and binding. Section 5a of said article provides that where the insurer fails to bring its suit to set aside the award, "then in that event, the claimant in addition to the rights and remedies given him and the board in said section may bring suit where the injury occurred, upon said order, ruling or decision," and makes other provisions which we need not state.

■ We think that appellant having acted promptly and within the time required, by giving the required notice and filing its suit to set aside the award, avoided the effect and ruling of the board from becoming final, the effect of the notice and the filing of the suit being to suspend the ruling of the board, and bring the rights of both parties into the suit before the court in a trial de novo before the court. Minor v. London Guarantee & Accident Co. (Tex. Com. App.) 280 S. W. 163. As suggested by appellant, the overruling of the demurrer was harmless in itself, but the harmful error suggested by appellant consisted in permitting the reading before the jury of the paragraph of the answer of appellee to which the demurrer was directed, in which a verbatim copy of the award of the board is fully set out, as complained of in the second proposition. The question is then presented, was it error to permit the reading to the jury of the pleading stating the award made by the board, and, if error, was it reversible error?

■■ Section 5 and 5a of article 8307, of our statutes, makes available to a claimant the right to sue to mature the award in the event only that the insurer has not duly given the notice and filed suit to set aside the award of the board. Where the notice is given and suit was filed, a claimant's suit to mature the award is improper and should be stricken on exception. As said by the Amarillo court in Texas Employers' Ins. Ass'n v. Downing (Tex. Civ. App.) 218 S. W. 112, 120, 123, the fact that the award was not read at the time it was offered was not material, it was presumably read when the petition was read, and it was presumably in the hands of the jury as an exhibit to the petition in the jury's retirement. The evidence was sharply conflicting as to the extent of the claimant's injuries, and the jury was evidently in doubt as to the truth of the matter. Under the circumstances, we cannot say that the admission of the evidence in the finding of the Industrial Accident Board, to the effect that the injury had resulted in "total incapacity," etc., might not have had a deciding effect on the jury, and cannot say the error is harmless.

In Fidelity Union Casualty Co. v. Cary, 25 S.W.(2d) 302, 303, the Commission of Appeals held that "it would be improper to introduce in evidence before the jury the record of the findings of the Industrial Accident Board, as the award of the board is immaterial to any issue that is to be tried to the jury," and referred to the Downing Case, supra.

In the above Cary Case, and in Missouri, K. & T. Ry. Co. v. Hannig, 91 Tex. 347, 43 S. W. 508, it is held that where improper evidence is admitted, in order to hold that the error does not require reversal of the judgment, it ought clearly to appear that no injury could have resulted from the admission of the improper evidence. To the same effect is Commercial Standard Ins. Co. v. McGee et al., 40 S.W.(2d) 1105, by the Dallas Court of Civil Appeals, in which counsel for the claimants, in his argument before the jury, referred to the case as having been appealed by the insurer from the award made by the board. The conclusion of the courts, as indicated in the cases, is that the jury, in a trial in the court, has nothing to do with the trial, or the result of the trial before the board, and should not be informed by the introduction of evidence, pleading, or remark of counsel. We can hardly imagine a more effective way of informing the jury on the trial de novo of the result of the trial of the same issues before the board than to state it in the pleading, setting out verbatim the award as made by the board, and the direction given by the board to the insurer to pay the award. The appellant's exceptions to all of paragraph 5 of appellee's pleading setting out the action of the board, as above, was overruled, and the pleading was read to the jury.

The issue as to the extent and result of appellee's injuries, that is, whether they caused a total permanent disability, were sharply contested, and there is nothing to

**420**

show that the jury was not influenced by the pleading as above. The case must be reversed.

Appellee was working for his employer on the night of September 15, 1929, in the capacity of night watchman and smokehouse man, and while so employed and working he discovered and surprised a prowler on the premises of his employer, and when he attempted to halt and apprehend him the prowler shot appellee with a 38-calliber pistol; the bullet striking appellee in the chest in the region of the heart, passing through a portion of the left lung and coming out in the region of the seventh rib.

The trial was had in January, 1931, and the evidence necessarily was as to appellee's physical condition prior to and at the time of said trial. Seven physicians examined appellee and each one testified as to his condition at and shortly before the trial. Their evidence is too extensive to be repeated here. Also a number of other witnesses testified as to appellee's physical condition as a result of said injury.

In view of another trial, it would be improper for this court to comment on or to express an opinion as to the sufficiency of the evidence to sustain the finding of the jury on any of the issues submitted.

For reasons stated the case is reversed and remanded.