**Florence PURDY et al., Appellants,**

v.

**AETNA CASUALTY AND SURETY COMPANY, Appellee.**

**No. 18762.**

United States Court of Appeals Fifth Circuit.

Nov. 17, 1961.

John W. Hardy and Hardy, Odom & Steele, Tyler, Tex., for appellants.

John D. Rienstra and King, Sharfstein & Rienstra, Beaumont, Tex., for appellee.

Before CAMERON, BROWN and WISDOM, Circuit Judges.

CAMERON, Circuit Judge.

This appeal presents only the question whether the court below had jurisdiction of this diversity action brought by appellee Aetna to set aside the award of $11,600.00 by the Industrial Accident Board of the State of Texas upon a death claim made by the family and attorneys of Walter Bethel Purdy under the Texas Workmen's Compensation Act.[1] Appellants, the Purdys and their attorneys, raise one point only—that the court below did not have jurisdiction based upon their claim that appellee's suit does not involve $10,000,[2] that the proceeding is nothing more than an impermissible appeal from State administrative action,[3] and that the amendment of 1958 (Fn. 2, supra) specifi-

10. Cf. Hooser v. Baltimore and Ohio Railroad Company, 7 Cir., 279 F.2d 197.

1. Vernon's Texas Annotated Civil Statutes, Articles 8306–8309.

2. 28 U.S.C.A. § 1332 as amended by the Act of July 25, 1958, 72 Stat. 415.

3. Cf. Chicago R. I. & P. R. Co. v. Stude, 1954, 346 U.S. 574, 581, 74 S.Ct. 290, 98

cally or inferentially proscribes the maintenance of this suit. We think that appellants' position in all of its aspects is ruled against them by our decision of a Texas case rendered since this action was begun, and by the decision of the Supreme Court affirming it, Liberty Mutual Insurance Co. v. Horton, 5 Cir., 1960, 275 F.2d 148, affirmed in Horton v. Liberty Mutual Insurance Co., 1961, 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890; and that the judgment of the court below on the merits, rendered upon jury verdict in favor of appellee after appellants' motion to dismiss had been denied, must be affirmed.[4]

Appellants, the widow and two minor children of Walter B. Purdy and their attorneys holding an assigned interest, filed their claim with the Industrial Accident Board of Texas for workmen's compensation benefits alleged to be due for his death while he was working as a master mechanic for E. I. duPont de Nemours & Company. The Board made an award to the appellants in a total sum in excess of $11,000. Appellee, duPont's insurance carrier, filed its notice of dissatisfaction with this award and thereafter brought this civil action to set it aside. It was admitted that diversity of citizenship existed between the appellee and the appellants.

After the trial court had denied appellants' motion to dismiss appellee's complaint, to which appellee had filed a reply, appellants filed their answer and counterclaim in the total sum of $11,600.00 against appellee. An agreement had been made that thirty per cent of the amount of the recovery would be paid to the attorneys. Appellee answered the counterclaim by alleging that Purdy died of natural causes. The record does not contain any of the evidence or the charge of the court, but the judgment recites that the judgment in favor of the appellee was rendered by the jury "upon a general charge."

Every question raised before us was passed upon specifically in Liberty Mutual v. Horton, supra, the opinion being written by a Texas judge of long experience who dealt fully with the problems involved from the standpoint of Texas law. The Supreme Court, in Horton v. Liberty Mutual, supra, dealt specifically with the three contentions made by appellants here. With respect to whether the 1958 amendment to 28 U.S.C.A. § 1332 barred the right of the appellee to bring an original action such as this the Supreme Court said, 367 U.S. 348, 352, 81 S.Ct. 1570, 1573:

"* * * But after the most deliberate study of the whole problem by lawyers and judges and after its consideration by lawyers on the Senate Judiciary Committee in the light of statistics on both removals and original filings, Congress used language specifically barring removal of such cases from state to federal courts and at the same time left unchanged the old language which just as specifically permits civil suits to be filed in federal courts in cases where there are both diversity of citizenship and the prescribed jurisdictional amount. In this situation we must take the intent of Congress with regard to the filing of diversity cases in Federal District Courts to be that which its language clearly sets forth. Congress could very easily have used language to bar filing of workmen's compensation suits by the insurer as well as removal of such suits, and it could easily do so still. We therefore hold that under the present law the District Court has jurisdiction to try this civil case between citizens of different States if the matter in controversy is in excess of $10,000."

The Supreme Court also ruled specifically that an action exactly like this one

L.Ed. 338, and Booth v. Texas Employers Insurance Association, Comm. Ap. Texas, adopted by S.Ct.Texas 1938, 123 S.W.2d 322, 328.

4. Appellants do not contend that error was committed by the court below in rendering judgment for the appellee on the merits, confining themselves solely to the jurisdictional point above stated.

did involve the jurisdictional amount. Indeed its decision is stronger than the one we are required to make here, because in that case the Texas State Compensation Board had allowed an award of only $1,050. On that question the Supreme Court ruled (367 U.S. page 353, 81 S.Ct. page 1573):

"The complaint of the respondent company filed in the District Court, while denying any liability at all and asking that the award of $1,050 against it be set aside, also alleges that petitioner Horton has claimed, now claims and will claim that he has suffered total and permanent disability and is entitled to a maximum recovery of $14,035 * * * No denial of these allegations in the complaint has been made, no attempted disclaimer or surrender of any part of the original claim has been made by petitioner, and there has been no other showing, let alone a showing 'to a legal certainty,' of any lack of good faith on the part of the respondent in alleging that a $14,035 claim is in controversy. * * * Texas law under which this claim was created and has its being leaves the entire $14,035 claim open for adjudication in a *de novo* court trial, regardless of the award. Thus the record before us shows beyond a doubt that the award is challenged by both parties and is binding on neither; that petitioner claims more than $10,000 from the respondent and the respondent denies it should have to pay petitioner anything at all. * * * "[5]

The Supreme Court also disposed of the claim of Horton there, repeated by appellants here, that the Federal District Court did not have jurisdiction because the proceeding amounted to nothing more than an administrative appeal in a State court proceeding. It rejected that contention, quoting from the decision of the Texas Supreme Court in Booth v.

Texas Employers Insurance Association, supra.

It appearing that all of the questions involved in this appeal have been ruled against appellants' contentions in the Horton case, and on the authority thereof the judgment of the court below is

Affirmed.

5. Cf. Essie H. Jewell v. Grain Dealers Mutual Ins. Co., 5 Cir., 1961, 290 F.2d 11, and Phillips Petroleum Co. v. Taylor, 5 Cir., 1941, 115 F.2d 726, same case, 116 F.2d 994.