**HARDWARE MUTUAL CASUALTY COMPANY, Appellant,**

v.

**Adam McINTYRE, Appellee.**

**No. 18557.**

United States Court of Appeals Fifth Circuit.

June 20, 1962.

John H. Benckenstein, Beaumont, Tex., for appellant.

Raymond T. R. Tatum, Beaumont, Tex., for appellee.

Before TUTTLE, Chief Judge, and HUTCHESON and JONES, Circuit Judges.

TUTTLE, Chief Judge.

The single question presented by this appeal is whether the District Court properly dismissed appellant's suit for want of jurisdiction on the ground that the matter in controversy, exclusive of interest and costs, did not exceed the sum of $10,000 as required by 28 U.S.C. § 1332. For the reasons hereafter stated, we affirm the judgment of the District Court.

On January 15, 1960, the appellee, Adam McIntyre, a resident of Texas, was injured while working for his employer in Nome, Texas. The employer's compensation carrier under the Texas Workman's Compensation Law was the appellant, Hardware Mutual Casualty Company, a Wisconsin corporation. On February 25, 1960, the appellee filed a claim with the Texas Industrial Accident Board in which he simply described the circumstances surrounding his injury but did not request a specific amount of compensation.[1]

On June 20, 1960, the Board awarded the appellee compensation in the amount of $22.01 per week for 15 consecutive weeks commencing January 16, 1960, or a total of $330.15.

The very next day, the appellant filed this suit to "set aside" the award. The

---

1. Appellee's claim stated simply that "while he was jacking up a tractor, the jack leg fell, causing the tractor to fall on his left shoulder and right leg." On March 15, 1960, the appellee amended his claim to state the following: "I was taking a wheel off a tractor and it fell on me, breaking my left clavicle and injuring my left shoulder, back and side and causing general injuries to my body."

complaint alleged generally that the matter in controversy exceeded $10,000, and specifically, that:

"The claim filed by the defendant for compensation with the Industrial Accident Board of Texas is for total and permanent incapacity * * and although the claim for compensation is not set out with particularity [with respect to] the amount of money [claimed] * * * [the] amount fixed by law .for compensation [for total and permanent incapacity] is a sum which is within the jurisdiction of this Court; * * *."

The source of appellant's dissatisfaction with the award is revealed in the following allegation of the complaint:

"The plaintiff paid defendant compensation until on or about the 15th day of April, 1960, and suspended and stopped the payment of same because the claimant was then capable and able to do the same type of work as before his alleged injuries and plaintiff so advised the Industrial Accident Board of the State of Texas to such effect and plaintiff is now claiming and does claim that defendant is not entitled to recover for compensation from plaintiff or in the amount as shown and set forth in the above mentioned award of the Industrial Accident Board of Texas. The defendant has been paid for his temporary total incapacity and plaintiff denies that defendant has any residual disability or any loss of earning power or any loss of wage earning capacity." [2]

The complaint prayed for judgment "setting aside" the award and that the appellee "be denied any and all relief by way of compensation."

On July 13, 1960, the appellee moved to dismiss the complaint for want of jurisdiction, alleging that he did not claim "total and permanent incapacity" before the Board, that he did not claim compensation in excess of $10,000 before the Board, and that the amount in controversy thus did not exceed $10,000. On the same day, the appellee filed his answer to the complaint, which contained essentially the same allegations as were contained in his motion to dismiss. The answer further alleged that the appellee "sustained some total disability but that said total disability was not permanent." Also on July 13, 1960, the appellee filed a counterclaim against the appellant wherein he claimed total disability for 100 weeks and partial disability for another 300 weeks. The counterclaim prayed for judgment in the sum of $27 per week for 100 weeks and $21 per week for 300 weeks, or a total of $9,000.

Prior to July 13, 1960, and on June 23, 1960, the appellee had filed a civil action against the appellant in a Texas state court wherein he alleged total disability for 401 weeks. The complaint in the state court prayed for judgment in the sum of $27 per week for 401 weeks plus $2,000 medical expenses, or a total of $12,827.

On August 15, 1960, the District Court granted appellee's motion to dismiss on the grounds (1) that the appellee had not claimed compensation in excess of $10,-000 before the Texas Industrial Accident Board and (2) that the appellee had not sought to recover a sum in excess of $10,000 in the instant suit.

Any analysis of the problem here involved must begin with an examination of the Supreme Court's recent decision in Horton v. Liberty Mutual Insurance Co., 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed. 2d 890. That case, as this one, concerned a suit by an insurer to "set aside" an award of the Texas Industrial Accident Board. The award in that case was $1,-050. The injured workman had claimed $14,035 before the Board, had instituted a suit in a state court for $14,035, and had counterclaimed in the federal action for $14,035. The Court upheld the jurisdiction of the district court in the following language:

"We agree with petitioner that determination of the value of the mat-

2. In other words, the appellant claims that the award gave the appellee $44.02 too much.

ter in controversy for purposes of federal jurisdiction is a federal question to be decided under federal standards, although the federal courts must, of course, look to state law to determine the nature and extent of the right to be enforced in a diversity case. It therefore is not controlling here that Texas has held that the crucial factor for allocating its cases among different state courts on an amount-in-controversy basis is the amount originally claimed before its State Compensation Board.

"The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed "in good faith." In deciding this question of good faith we have said that it "must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." The complaint of the respondent company filed in the District Court, while denying any liability at all and asking that the award of $1,050 against it be set aside, also alleges that petitioner Horton has claimed, now claims and will claim that he has suffered total and permanent disability and is entitled to a maximum recovery of $14,035, which, of course, is in excess of the $10,000 requisite to give a federal court jurisdiction of this controversy. *No denial of these allegations in the complaint has been made, no attempted disclaimer or surrender of any part of the original claim has been made by petitioner, and there has been no other showing, let alone a showing "to a legal certainty," of any lack of good faith on the part of the respondent in alleging that a $14,035 claim is in controversy.* It would contradict the whole record as well as the allegations of the complaint to say that this dispute involves only $1,050. The claim before the Board was $14,035; the

state court suit of petitioner asked that much; the conditional counterclaim in the federal court claims the same amount. Texas law under which this claim was created and has its being leaves the entire $14,035 claim open for adjudication in a *de novo* court trial, regardless of the award. Thus the record before us shows beyond a doubt that the award is challenged by both parties and is binding on neither; that petitioner claims more than $10,000 from the respondent and the respondent denies it should have to pay petitioner anything at all. No matter which party brings it into court, the controversy remains the same; it involves the same amount of money and is to be adjudicated and determined under the same rules. Unquestionably, therefore, the amount in controversy is in excess of $10,000. (Emphasis added)

█ One thing appears clearly from the foregoing language; and that is, that the amount of the award does not fix the amount in controversy between the parties when the insurer brings suit to "set aside" the award. This is because the mere filing of suit by the insurer absolutely nullifies the award, so that its amount can never be said to be "in controversy" in the action. Indeed, the mere mention of the nature or amount of the award during the trial has been held to be prejudicial error by the Texas Courts. Fidelity Union Casualty Co. v. Klatt, Tex.Civ.App., 47 S.W.2d 417.

█ We interpret Horton to prescribe the following test for determining whether federal jurisdiction exists when an insurer brings suit to "set aside" an award of the Texas Industrial Accident Board: If the insurer alleges that the insured has claimed compensation in excess of $10,000 before the Board and that the insured will claim compensation in excess of $10,000 in the court action to "set aside" the award, federal jurisdiction exists *unless* the insured denies the allegation that he will seek more than $10,000 in the court action and makes

an affirmative claim for compensation for a sum which does not exceed $10,000.

We realize of course, that such a rule gives the insured the power to defeat federal jurisdiction simply by asserting a claim for less than $10,000 after he is brought into court by the insurer. But, however much this may depart from traditional notions of pleading federal jurisdiction, the procedure for "setting aside" an award established by the Texas Compensation Law leaves no satisfactory alternative. The Texas Compensation Law permits any interested party, including, of course, the insurer, to bring suit to "set aside" the award of the Industrial Accident Board. As noted previously, however, once such an action is commenced, the award becomes an absolute nullity under the Texas statute. The filing of the suit, in and of itself, abrogates the award, and this is so even if a voluntary nonsuit is taken and the case dismissed without judgment on the merits. See Zurich General Accident Co., etc. v. Rodgers, 128 Tex. 313, 97 S.W.2d 674; Texas Reciprocal Ins. Ass'n. v. Leger, 128 Tex. 319, 97 S.W.2d 677. The insurer is under no obligation to prove that the award was erroneous, even though the insurer's action is designated as an action to "set aside" the award. To the contrary, once an action such as this is filed, a trial *de novo* is conducted, and the burden is on the *insured* (here, the defendant) to plead and prove whether and to what extent he is entitled to compensation. Thus, when the insurer institutes such an action, it is a "plaintiff" in name only. The filing of suit by the insurer is nothing more than a notice to the insured to come into court and prove his claim.

Thus it is that the amount actually in controversy in the action cannot be determined until the insured responds to this notice by filing a claim for compensation against the insurer. The insured's "counterclaim" is, for all intents and purposes, the *only* claim involved in the action. If the insured asserts a claim for compensation for a sum which does not exceed $10,000, it then becomes clear

to a legal and mathematical certainty that the amount in controversy is less than the jurisdictional requisite. Under no circumstances, can the insured recover more than $10,000 in the suit. This being so, there is no federal jurisdiction.

The appellant argues that the amount in controversy can best be determined by looking to the amount claimed by the insured before the Industrial Accident Board. For one thing, it does not appear that the test suggested by the appellant was adopted by the Supreme Court in Horton. For another, assuming the question was an open one, we think the rule proposed by the appellant has little to recommend it.

In Horton, the Supreme Court specifically noted that we are not bound by the Texas rule which, in certain cases, provides that the amount in controversy is fixed by the amount claimed by the insured before the Industrial Accident Board. After so noting, the Court did not say that we should adopt this rule as a matter of federal law. Rather, the Court went to some lengths to point out that the insurer in that case had alleged that the insured had claimed and *would claim* in excess of $10,000, and that the insured had made "no denial of these allegations." If the Court had meant to adopt the test urged by the appellant here, it could have done so in plain and simple language. In that event, we think, the opinion would not have emphasized, as it did, that the *insured* was vigorously asserting a claim for compensation for a sum exceeding the jurisdictional amount. In short, we do not think that the majority opinion in Horton is fairly susceptible to the interpretation which the appellant places upon it.

Moreover, it seems to us that the rule proposed by the appellant has at least two serious shortcomings. First of all, the Texas Compensation Law does not require an insured to claim a specific sum of money before the Industrial Accident Board; nor does it even require him to state sufficient facts from which the amount claimed can be definitely determined. Booth v. Texas Employers'

Ins. Ass'n, 132 Tex. 237, 123 S.W.2d 322. Thus, if the rule suggested by the appellant was adopted, it would be impossible to fix the amount in controversy in a case where the insured did not claim a specific sum before the Board and did not state sufficient facts from which the amount claimed could be determined. Since the latter situation is apparently of common occurrence, appellant's suggested test would have rather limited utility.

Secondly, the Texas law is clear that the insured is not ordinarily bound by the amount which he claims before the Board. Where, as here, the claim is for general injuries suffered, the insured, in a court action to "set aside" the award, can increase the amount of his claim to include compensation for all injuries proximately resulting from the accident. Booth v. Texas Employers' Ins. Ass'n, supra. Similarly the insured can reduce the amount of his claim if he sees fit to do so. Thus, the amount of the claim before the Board is hardly a reliable indicator of the amount actually in controversy in the federal court action.

The appellant contends that it would be unfair to permit the insured to defeat federal jurisdiction by claiming less than the jurisdictional amount in the action, since the insured would then be free to assert a claim for more than $10,000 in a state court action and the insurer would be unable to remove to a federal court because of the Congressional ban on the removal of state workman's compensation cases. See 28 U.S.C. § 1332. Of course, the simple answer to this is that, regardless of any possible unfairness a federal court does not have jurisdiction in a diversity case unless the amount in controversy exceeds the sum of $10,000. Appellant's argument would be equally applicable, and equally unavailing, in numerous other cases where the amount in controversy does not reach the federal standard. For example, suppose a plaintiff brought suit against a defendant for $5,000 and alleged that the defendant had a compulsory counterclaim against the plaintiff for $15,000. Certainly, the defendant would be entitled to have the case dismissed for want of jurisdiction, even though the defendant could then bring suit for $15,000 in a state court and the case could not be removed because the suit was commenced in the original plaintiff's home district. However real the possibility of losing an opportunity to have the case tried in a federal court, it cannot vitiate the fact that the amount in controversy in an action such as the instant one is the amount claimed by the insured in the action and that, where the amount there does not exceed $10,000 the federal standard has not been met. We might note, on the other hand, that if an insured subsequently sues in a state court for more than $10,000, he would probably have some difficulty overcoming the effect of his previous judicial admission that he was not entitled to more than $10,000. This may well afford all the protection the insurer needs.

In the present case, it appears that the appellee did not claim more than $10,000 before the Industrial Accident Board and that he counterclaimed for $9,000 in the action commenced by appellant. The District Court, in a decision rendered before the Supreme Court's decision in Horton, dismissed the appellant's action on both the above grounds. For the reasons heretofore stated, we think dismissal was justified on the sole ground that the appellee's claim in the action was for less than $10,001. The judgment is, therefore,

Affirmed.

JOSEPH C. HUTCHESON, Jr., Circuit Judge (dissenting).

I would simply "reverse on the authority of the Horton cases." As I read these cases, which are controlling here, it is quite plain that Judge Fisher's holding in this case, that federal jurisdiction did not exist, is not supported by the holding in those cases, that *the claim of the insurance carrier determines federal jurisdiction unless the amount in controversy stated by it is found to a legal certainty to be not stated in good faith.* Judge Fisher's finding in this case that,

though the plaintiff sued in the state court for $12,827, he could, by limiting his counter-claim in federal court to $9,000, defeat the jurisdiction as asserted in the insurer's *suit, in my opinion, goes directly counter to the holding of the Horton cases,* and his judgment must be reversed, not affirmed.

I respectfully dissent from the opinion of the majority.