Horace HART, Appellant,

v.

UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellee.

No. 19184.

United States Court of Appeals
Fifth Circuit.

June 20, 1962.

William VanDercreek, Jack Gay, Marvin, Jones, Jones, Phillips, Barnes & Watkins, Dallas, Tex., for appellant.

Curtis White, Reo Knowles, Durwood D. Crawford, Dallas, Tex., for appellee.

Dayton G. Wiley, San Antonio, Tex., amicus curiae.

Before RIVES, CAMERON and GEWIN, Circuit Judges.

CAMERON, Circuit Judge.

The facts of this case bring it within the ambit of the decision of this Court in Hardware Mutual Casualty Co. v. McIntyre, May 1962, 304 F.2d 566. The facts in this case are these:

The appellee United States Fidelity and Guaranty Company, a compensation carrier of the employer of the appellant Horace Hart, instituted this diversity action to set aside a $910.00 award to appellant by the Texas Industrial Accident Board covering personal injuries growing out of appellant's employment. The complaint alleged that the amount in controversy exceeded $10,000.00. The appellant-employee moved to dismiss for want of jurisdictional amount, specifically denying in his answer that the amount

in controversy exceeded $10,000.00, and filing a counterclaim for damages in the sum of $6,310.00. The appellant-employee, *pro se*, had filed a general claim for compensation with the Board for an injured back, but he did not claim more than $10,000.00 or any specific amount.

On the day of trial, June 12, 1961, the appellant consented to the exercise of jurisdiction by the court below,[1] and the trial proceeded, resulting in a judgment in favor of the appellant for $1,224.00 and costs, plus $385.00 previously paid under the maximum compensation rates. The appellant Hart had also filed suit in a state court of Texas to set aside the Board's award in which he demanded damages in the sum of $6,310.00 compensation, which suit is still pending. The appellee-insurer filed a plea in abatement in the state suit on the ground that this action was already pending in the court below.

The appellant-employee duly perfected his appeal to this Court. Prior to the judgment of this Court the appellant-employee filed a petition for writ of certiorari to the Supreme Court of the United States. The Supreme Court denied certiorari on November 16, 1961, Hart v. United States Fidelity and Guaranty Co., 368 U.S. 899, 82 S.Ct. 178, 7 L. Ed.2d 95.

Based upon the decision of this Court in the case of Hardware Mutual Casualty Co. v. McIntyre, supra, the judgment here before us is reversed and the case is remanded to the district court for the entry of judgment dismissing this ac-

tion on the ground that the statutory amount is not in controversy.

Reversed and remanded.

RIVES, Circuit Judge (dissenting).

With deference to my brothers of the majority, I agree with Judge Hutcheson's view [1a] as to the teaching of the Supreme Court's opinion in Horton v. Liberty Mutual Ins. Co., 1961, 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890.[2] The most significant passage in that opinion, I think, is:

"The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.' In deciding this question of good faith we have said that it 'must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.' " [13]

"13. Id., at 289 [St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845]. See also Bell v. Preferred Life Assurance Society, 320 U.S. 238, 240, [64 S.Ct. 5, 88 L.Ed. 15]; Aetna Casualty Co. v. Flowers, 330 U.S. 464, 468 [, 67 S.Ct. 798, 91 L.Ed. 1024]."

Chief Judge Tuttle for the majority emphasizes the following sentence:

"No denial of these allegations in the complaint has been made, no attempted disclaimer or surrender of any part of the original claim has been made by petitioner, and there has been no other showing, let alone a showing 'to a legal certainty,' of any lack of good faith on the part of

---

1. The waiver of jurisdictional amount by the appellant has no validity, it being settled that jurisdiction may not be conferred by consent, Kelly v. Hartford Accident & Indemnity Co., 5 Cir., 1961, 294 F.2d 400, 409; People's Bank v. Calhoun, 102 U.S. 256, 26 L.Ed. 101; American Fire and Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702.

1a. See Judge Hutcheson's dissent in Hardware Mutual Casualty Company v. McIntyre. 5 Cir., No. 18557, also decided today, 304 F.2d 566.

2. It is interesting to note, however, that Judge Jones, the third member of the panel which decided the Horton case in this Court, see 275 F.2d 148, is aligned with the present majority.

the respondent in alleging that a $14,035 claim is in controversy." [3]

To me that sentence and other similar parts of the opinion mean no more than that the Court was properly pointing to *facts in the case then before it* which established "good faith" beyond question. There was no suggestion that such extreme facts were essential to the Court's holding. The expression " * * * let alone a showing 'to a legal certainty' " clearly indicates that they were not so essential. To read the opinion otherwise would mean to abandon the long-established logical doctrine that jurisdiction must exist from the time it is first invoked, that is, when the suit is filed,[4] and to permit jurisdiction to remain "tentative" or in limbo subject to the arbitrary determination of the claimant as to the amount which he will seek to recover by his counterclaim. Candid recognition of that incongruity may be detected in Judge Tuttle's opinion for the majority: "But, however much this may depart from traditional notions of pleading federal jurisdiction * * *."

If Judge Hutcheson and I are right in our view of the teaching of the Horton opinion, there is no such departure "from traditional notions of pleading federal jurisdiction." That much is clearly explained by the annotation in 75 Harvard Law Review 170:

> "But since under Texas law the insurer was seeking to avoid a possible $14,035.00 liability, its complaint, without reference to any possible counterclaim, put the requisite amount in controversy."

I respectfully dissent.

3. Hardware Mutual Casualty Co. v. McIntyre, 5 Cir., No. 18557, 304 F.2d 566.

4. St. Paul Mercury Indemnity Co. v. Red Cab Co., 1938, 303 U.S. 283, 292, 58 S.Ct. 586, 82 L.Ed. 845; Taylor v. Anderson, 1914, 234 U.S. 74, 75–76, 34 S.Ct. 724, 58 L.Ed. 1218; Smithers v. Smith, 1907,

204 U.S. 632, 643, 27 S.Ct. 297, 51 L.Ed 656; Kirby v. American Soda Fountain Co., 1904, 194 U.S. 141, 145–146, 24 S.Ct. 619, 48 L.Ed. 911; Gulf Refining Co. v. Price, 5 Cir., 1956, 232 F.2d 25, 36.