**STANDARD ACCIDENT INSURANCE COMPANY, Appellant,**

v.

**Marcos V. AGUIRRE, Jr., Appellee.**

**No. 19427.**

United States Court of Appeals
Fifth Circuit.

June 20, 1962.

Richard Tinsman, Groce & Hebdon, San Antonio, Tex., for appellant.

Rudy Rice, San Antonio, Tex., William VanDercreek (amicus curiae) Dallas, Tex., for appellee.

Before TUTTLE, Chief Judge, and RIVES and JONES, Circuit Judges.

PER CURIAM.

This case is similar to Hardware Mutual Casualty Company v. McIntyre decided this same day by this Court, 304 F.2d 566. The question involved here is whether the District Court properly dismissed the appellant insurer's suit to "set aside" an award made to the appellee by the Texas Industrial Accident Board on the ground that the amount in controversy did not exceed $10,000.

The following facts are undisputed: The appellee, having been injured in the course of his employment, filed a claim for compensation with the Industrial Accident Board in the amount of $14,035, the maximum compensation allowable under Texas law. The Board's award was for $146.65. The appellant, the compensation carrier of the appellee's employer, then brought this suit to "set aside" the award, asserting that the amount in controversy exceeded $10,000. The appellee denied the jurisdictional allegation, and asserted a claim against the appellant for $8,750. The appellee also moved to dismiss for want of jurisdiction, which motion was granted by the District Court.

Thus stated, the facts of this case bring it within the rule enunciated in Hardware Mutual Casualty Company v. McIntyre, 5 Cir., 304 F.2d 566. We there held that, in a suit by an insurer attacking an award made by the Texas Industrial Accident Board, the amount in controversy is fixed by the amount claimed by the *insured* in the suit. Since the appellee-insured in the instant case made claim for $8,750, it follows that the amount in controversy requirement was

not satisfied and that the District Court was, therefore, correct in dismissing the suit for want of jurisdiction.

Affirmed.

RIVES, Circuit Judge, dissents, his dissenting opinion appears in Hart v. United States Fidelity and Guaranty Company, 304 F.2d 573.