**EMPLOYERS MUTUAL CASUALTY COMPANY**

v.

**Sarah W. MAGGART et al.**

**Civ. A. No. 66–71–SA.**

United States District Court
W. D. Texas,
San Antonio Division.

Dec. 28, 1966.

Edward P. Fahey, Groce, Hebdon, Fahey &. Smith, San Antonio, Tex., for plaintiff.

Frank R. Southers, Southers & Mendelsohn, San Antonio, Tex., Glasscock & Glasscock, San Antonio, Tex., for defendants.

SPEARS, Chief Judge.

This is a workmen's compensation case arising out of the death of Raymond Maggart. Defendants, Sarah W. Maggart and Charlotte Kay Maggart, are the surviving spouse and minor daughter, respectively, of the deceased employee.

The Texas Industrial Accident Board awarded the widow and the minor child $17.50 per week each for 360 consecutive weeks, less attorneys' fees, and ordered funeral expenses paid to the extent of $500.00. Although the amount awarded each defendant was $6,300.00, the plaintiff insurance company in this diversity action, contends that, for the purpose of conferring jurisdiction on this Court, the two sums should be aggregated.[1]

The defendants have filed a plea challenging the jurisdiction of this Court, in which they allege that the wage rate of the deceased would entitle each of them to the death benefit of $6,300.00 awarded by the Board, and contend that since the total amount recoverable by each could not be in excess of $10,000.00 to a legal certainty, this cause should be dismissed for want of jurisdiction.

If the amount in controversy, determined under federal standards, is more than $10,000.00, this Court, of course, has jurisdiction.[2] The question for decision, therefore, is whether or not the widow and minor child of the deceased have separate claims for death benefits under Texas law.[3]

The pertinent portions of the Texas Workmen's Compensation. Law read, in part, as follows:

"If death should result from the injury the association hereinafter created shall pay the legal beneficiaries of the deceased employee a weekly payment equal to sixty per cent (60%) of his average weekly wages, but not more than Thirty-five Dollars [and no/100] ($35) nor less than Nine Dol-

---

1. This suit was brought against both the widow and minor child pursuant to article 8307, Section 5, Vernon's Annotated Texas Civ. Statutes, which permits the insurance company to sue to set aside the final ruling of the Board.

2. Since the complaint contains the jurisdictional allegation, it must appear to a legal certainty that the amount in controversy is really less than $10,000.00, in order to defeat jurisdiction. Horton v. Liberty Mutual Ins. Co., 367 U.S. 348, 353, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961); Hardware Mutual Casualty Co. v. McIntyre, 304 F.2d 566 (5 Cir. 1962), cert. denied, 371 U.S. 878, 83 S.Ct. 147, 148, 9 L.Ed.2d 115; Standard Accident Ins. Co. v. Aguirre, 304 F.2d 879 (5 Cir. 1962), cert. denied, 371 U.S. 878, 83 S.Ct. 147, 148, 9 L.Ed.2d 115 (1962).

3. Where the separate claims of two or more persons are joined in one suit, each claim must be in the requisite jurisdictional amount, even though they may arise from the same transaction. Payne v. State Farm Mutual Automobile Ins. Co., 266 F.2d 63 (5 Cir. 1959); Muse v. United States Casualty Co., 306 F.2d 30 (5 Cir. 1962); Del Sesto v. Trans World Airlines, Inc., 201 F.Supp. 879 (D.C.R.I. 1962).

lars [and no/100] ($9) per week, **for** a period of three hundred and sixty (360) weeks from the date of the injury." [4]

"The compensation provided for in the foregoing section of this law shall be for *the sole and exclusive benefit* of the surviving * * * wife, * * * and of the minor children * * *; and the amount recovered thereunder shall not be liable for the debts of the deceased nor the debts of the beneficiary or beneficiaries and shall be distributed among the beneficiaries as may be entitled to the same as hereinbefore provided according to the laws of descent and distribution of this State; provided the right in such beneficiary or beneficiaries to recover compensation for death be determined by the facts that exist at the date of the death of the deceased and *that said right be a complete, absolute and vested one*. Such compensation shall not pass to the estate of the deceased to be administered upon, but shall be paid directly to said beneficiaries when the same are capable of taking, under the laws of this State, or to their guardian or next friend * * *." (Emphasis mine.) [5]

Texas Courts have construed these statutes to mean that the compensation payable to the beneficiary never becomes a part of the estate of the deceased, and is not liable for his debts, but is the exclusive property of the beneficiary. Texas Employees Insurance Association v. Morgan, 289 S.W. 75 (Tex.Civ.App.,

Waco 1927, Affd. Tex.Com.App., 295 S.W. 588).

In Nunnery v. Texas Casualty Insurance Company, 362 S.W.2d 865 (Tex. Civ.App., Austin 1962, no writ history) the Court denied recovery to a surviving widow, who failed to file her claim within the time required by law, but did award one half of the entire amount of compensation to the minor child. [6]

The case of Purdy v. Aetna Casualty and Surety Company, 296 F.2d 196 (5 Cir. 1961) is clearly distinguishable from this case. The Court simply held, in the light of *Horton*, [7] that in view of the counterclaim for $11,600.00, the district court had jurisdiction, and rejected the objection that the 1958 amendment of the diversity statute proscribed maintenance of the suit. It is true that the claimants were a widow and two minor children, but they made no contention before the Court, as defendants do here, that they were entitled to have their claims treated separately.

■ From all of the foregoing, it is my opinion that the "sole and exclusive" right of each defendant to death benefits under the Texas Workmen's Compensation Act, determined according to the law of descent and distribution by facts in existence at the date of the death of the deceased, is a "complete, absolute and vested one", separate and apart from the right of the other. Therefore, their separate claims cannot be aggregated in order to confer jurisdiction on this Court. Accordingly, the plea to the jurisdiction is sustained, and this cause is dismissed.

---

4. Tex.Rev.Civ.Stat.Ann. art. 8306, section 8, as amended (1957).

5. Tex.Rev.Civ.Stat.Ann. art. 8306, section 8a (1923).

6. The prior case of Hinkle v. Federal Underwriters Exchange, 152 S.W.2d 387 (Tex.Civ.App. Fort Worth 1941, writ ref'd w.o.m.) does not conflict with this holding, because in Hinkle there was only one claimant able to show facts in existence at the date of the death of the de-

ceased entitling him to the "complete, absolute and vested" right contemplated by the statute, and, as a consequence, he received the whole of the sum recoverable, whereas, in Nunnery, as in the instant case, there were two claimants whose separate rights became vested when the deceased died. Under such circumstances, neither claimant could recover for himself the portion belonging to the other.

7. See footnote 2 supra.