**Raymond A. POWERS, Administrator de bonis non of the Estate of Elizabeth Dorothy Keefe, dec., Plaintiff-Appellant,**

v.

**Dorothy Turreff FULTZ, Defendant-Appellee.**

**No. 16859.**

United States Court of Appeals
Seventh Circuit.

Nov. 7, 1968.

Raymond A. Powers, Cleveland, Ohio, for plaintiff-appellant.

W. K. Kidwell, Mattoon, Ill., for defendant-appellee.

Before CASTLE, Chief Judge, and KILEY and KERNER, Circuit Judges.

CASTLE, Chief Judge.

The plaintiff-appellant administrator,[1] asserting diversity of citizenship of the parties and that "the amount of plaintiff's claim is in excess of the jurisdictional amount provided by Statute", brought action in the District Court against the defendant-appellee, Dorothy Turreff Fultz. The complaint alleges, *inter alia*, that in February 1956 plaintiff's decedent, Elizabeth D. Keefe, at the request of Helen Turreff, joined with the latter in the execution of a savings account signature card which served to convert a $10,000 savings account then standing in the name of Helen Turreff at the First Federal Savings & Loan Association of Lakewood, Ohio, to an account

held jointly by Helen Turreff and plaintiff's decedent, Elizabeth D. Keefe, with the effect "either may draw, balance payable to survivor upon the death of either"; that Helen Turreff in arranging to so effect a conversion of the account to one held by her jointly with Elizabeth D. Keefe "stated that she did so with the intent to make a gift of Ten Thousand Dollars ($10,000.00) to [plaintiff's decedent, Elizabeth D. Keefe]"; that subsequently on November 27, 1956, Helen Turreff became incapacitated following a cerebral hemorrhage, and on December 2, 1956, "a power of attorney was purportedly executed by her in favor of Dorothy Turreff Fultz", the defendant-appellee, who "under color of the authority purportedly contained in said purported power of attorney" withdrew $5000 from the account on January 25, 1957, and withdrew the balance of the account ($5081.25) on August 8, 1957; that such withdrawals were made without notice to plaintiff's decedent, who first learned thereof after the death of Helen Turreff on October 21, 1961; and that Elizabeth D. Keefe, plaintiff's decedent, thereafter died on September 11, 1962.

The complaint concludes with a prayer for judgment "in the amount of Ten Thousand Dollars ($10,000.00), together with interest on the aforesaid principal amount of the joint and survivorship account hereinabove described, since July 1, 1956, at the rates applicable at First Federal Savings and Loan Association of Lakewood, Ohio, together with costs in this action".

Defendant-appellee's answer to the complaint included an affirmative defense of release. After plaintiff-appellant answered interrogatories propounded by defendant-appellee, the latter moved for summary judgment.

The District Court, *sua sponte*, dismissed the action for lack of jurisdiction, holding that under the allegations of the complaint as laid, the amount in dispute

---

1. Raymond A. Powers succeeded James Kirby Keefe as administrator of the estate of Elizabeth Dorothy Keefe, and has since the filing of this appeal been succeeded by W. Dean Hopkins.

is $10,000, and consequently does not satisfy the jurisdictional requirement that it exceed $10,000, exclusive of interest and costs.[2] The court in its memorandum opinion stated that defendant's motion for summary judgment would be granted if the court had jurisdiction. The plaintiff administrator appealed.

 We are fully cognizant of the rule that where the action is for a money judgment the "sum" claimed controls the existence of the requisite jurisdictional amount if the claim is apparently made in good faith, and that under the holding of St. Paul Mercury Indemnity Co. v. Red Cab Company, 303 U.S. 283, 288–289, 58 S.Ct. 586, 590, 82 L.Ed. 845, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal". Sears, Roebuck and Co. v. American Mutual Liability Insurance Company, 7 Cir., 372 F.2d 435; Cf. Breault v. Feigenholtz, 7 Cir., 380 F.2d 90. But that rule is of no aid to the plaintiff-appellant. The allegations of the complaint considered in their entirety disclose that plaintiff-appellant's claim is predicated upon liability in the defendant-appellee to respond in damages for alleged wrongful conduct on her part which resulted in the defeat of a $10,000 gift Helen Turreff intended plaintiff's decedent to receive.

We are of the view that plaintiff's allegation with respect to the existence of the requisite jurisdictional amount and the prayer for judgment combine to constitute at the most a defective allegation of the existence of diversity jurisdiction. The limitation of the principal sum of the judgment sought to $10,000 is entirely consistent with the allegations of the complaint with respect to the amount of the gift ($10,000) intended to be made. If plaintiff had intended to assert a claim for $10,081.25 based on the defendant-appellee's withdrawal of that amount from the account (the $81.25 apparently represents interest accrued subsequent to July 1, 1956, and credited to the principal of the account), the plaintiff could have amended his complaint to assert such a claim. But plaintiff-appellant did not seek vacation of the dismissal order and leave to amend to cure the defective allegation of the existence of diversity jurisdiction. Plaintiff-appellant elected to appeal on the complaint as it stood. And the complaint sought recovery of but $10,000 with interest thereon from a specific date. No claim in excess of $10,000, exclusive of interest and costs, was asserted.

Accordingly, the District Court's judgment order of dismissal is affirmed.

Affirmed.

---

2. The governing statute, 28 U.S.C.A. § 1332, provides in pertinent part:
"(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—
(1) citizens of different States; * * *"