**Ralph Wayne BIXLER et al.**

v.

**IBERIA, LÍNEAS AEREAS DE ESPAÑA.**

Civ. No. 242–70.

United States District Court,
D. Puerto Rico.

June 15, 1971.

Arturo Aponte-Parés, San Juan, P. R., for plaintiffs.

Víctor R. Gonzáles-Mangual, Rivera-Zayas, Rivera-Cestero & Rua, San Juan, P. R., for defendant.

ORDER

FERNANDEZ-BADILLO, District Judge.

The issue to be resolved in this civil action brought against Iberia, Líneas Aereas de España (hereinafter referred to as Iberia) by two passengers is whether the requisite jurisdictional amount is present. Jurisdiction is invoked under 28 U.S.C. § 1332 and 48 U.S.C. § 863.

The complaint charges that plaintiffs' suitcases were twice lost on a vacation

trip to Europe on account of the carrier's negligent conduct causing each one of them mental anguish and suffering in the sum of $15,000 and loss of property. Iberia moved for dismissal questioning the existence of the jurisdictional sum and plaintiffs promptly filed a written opposition. After a hearing on June 19, 1970 both parties were granted time within which to file briefs. The case was kept at the Clerk's office for almost a year awaiting the filing of memoranda which were never brought. The Court became aware that this matter was still pending upon receiving a letter from defendant's counsel who attacked a photostatic copy of an order entered by Judge José V. Toledo in civil case numbered 939–70.

The entire file of Civil 939–70 has been examined and the situation raised therein compared with the present one. No doubt they are analogous in that both are claims made by passengers arising from the loss of suitcases and in both actions defendants sought dismissal based on the absence of the jurisdictional value. However, there is a substantial difference between them. Said difference lies in the fact that the complaint in the case before me was filed on April 3, 1970, almost exactly two months before the repeal of 48 U.S.C. § 863.[1] Therefore, the jurisdictional amount of $3,000 appearing in said section was still applicable.[2] The action dismissed by Judge Toledo was brought on November 6, 1970 which meant that plaintiffs' claim had to be in excess of $10,000 as required by the general diversity statute, 28 U.S.C. § 1332.

The particular facts of each case determine whether the amount in controversy has been met. Even assuming that the provisions of the Warsaw Convention fixing limits of liability were here applicable,[3] on the facts before it the Court is not willing to establish that the personal damages allegedly suffered due to mental suffering do not reach the lower jurisdictional amount of $3,-000. Dismissal is justified only when it appears to a legal certainty that the monetary damages claimed are less than the jurisdictional amount, Powers v. Fultz (7th Cir. 1968) 404 F.2d 50; Employers Mutual Casualty Company v. Maggart (D.C.Tex.1966) 261 F.Supp. 768; Horton v. Liberty Mutual Insurance Co., 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961). There has been no showing that the amount is not claimed in good faith. The Court believes that jurisdiction must be maintained and the case tried by a jury, in its day, as requested by plaintiff in the complaint.

Accordingly, the motion to dismiss filed on May 25, 1970 is hereby denied and defendant Iberia is granted 10 days within which to answer the complaint.

It is so ordered.

---

1. Section 863 was repealed on June 2, 1970 by Public Law 91–272, 84 Stat. 298.

2. See savings provision contained in Public Law 91–450, October 14, 1970, 84 Stat. 922 providing that nothing in the repeal of section 863 would impair the jurisdiction of this Court to hear and determine any action or matter begun in the Court on or before June 2, 1970.

Long v. Continental Casualty Co., D.C., 323 F.Supp. 1158, Memorandum and Order filed and entered on December 31, 1970 by Chief Judge Hiram R. Cancio.

3. See: Lisi v. Alitalia-Linee Aeree Italiane, S. p. A., D.C., 253 F.Supp. 237, affirmed 370 F.2d 508, affirmed 390 U.S. 455, 88 S.Ct. 1193, 20 L.Ed.2d 27, reh. den. 391 U.S. 929, 88 S.Ct. 1801, 20 L.Ed. 2d 671.