**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 91-7064
_____

NATIONAL UNION FIRE INSURANCE CO.
OF PITTSBURGH, PENNSYLVANIA,

Plaintiff-Appellant,

VERSUS

BARBARA L. (LILLIAN) RUSSELL,

Defendant-Appellee.

_____

No. 91-7072
_____

SOCORRO RODRIGUEZ,

Plaintiff-Appellee,

VERSUS

NATIONAL UNION FIRE INSURANCE CO.
OF PITTSBURGH, PENNSYLVANIA,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Texas
_____
(September 8, 1992)

Before WISDOM, SMITH, and EMILIO M. GARZA, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

At issue here is the determination of jurisdictional amount, for purposes of diversity jurisdiction, under Texas's scheme for disbursing workers' compensation and medical benefits. In Texas, the Texas Workers' Compensation Commission (TWCC) holds a hearing on each claim, then makes an award. If either party is not satisfied with the award, it may bring the case to court. Once suit is filed, the award is automatically "set aside," and liability is litigated <u>de novo</u>. Tex. Rev. Civ. Stat. Ann. art. 8307, § 5 (workers' compensation) (repealed Jan. 1, 1991). Both of these consolidated cases arise from an insurer's bringing suit in district court to set aside a TWCC award. In each case, the district court dismissed for want of the requisite amount in controversy to invoke diversity jurisdiction.[1] Finding that the workers in these two cases have not shown to a legal certainty that the amount in controversy is less than $50,000, we reverse and remand for trial.

I.

A. No. 91-7064.

Barbara Russell was injured while lifting a bolt of cloth in the course of her employment at Wal-Mart. National Union Fire Insurance Co. of Pittsburgh, Pennsylvania (National Union), is the workers' compensation insurer for Wal-Mart; it paid some benefits

---

[1] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs". 28 U.S.C. § 1332(a).

to Russell and then began to dispute the extent of her disability. At a TWCC hearing, Russell claimed total and permanent disability. The TWCC awarded her $8,727.20.

Russell is a citizen of Texas, and National Union is a citizen of Pennsylvania. National Union brought a diversity suit in the Northern District of Texas, thereby setting aside the TWCC award. The district court found that, as a matter of law, the amount in controversy was the amount of the TWCC award, in this case $8,727.20, and dismissed for lack of jurisdiction.

## B. No. 91-7072.

Socorro Rodriguez injured his back when he slipped and fell in the course of his employment at St. Paul Medical Center in Dallas. National Union was the workers' compensation insurer for St. Paul; it paid $26,829.06 in medical benefits and $19,286.40 in indemnity benefits. Rodriguez claimed permanent disability, but National Union believed he would not be permanently disabled if he would submit to lumbar surgery.

Rodriguez was scheduled for this surgery three times and cancelled it each time. National Union refused to pay further disability or medical payments for Rodriguez if he did not submit to the surgery. A TWCC hearing was held, and the TWCC awarded Rodriguez $49,057.83.

Rodriguez is a citizen of Texas, and National Union is a citizen of Pennsylvania. National Union brought a diversity suit in the Northern District of Texas, thereby setting aside the TWCC

3

award.  Rodriguez filed a motion to dismiss, arguing that his counterclaim asserted a claim for less than $50,000.  Before ruling on the motion, the district court realigned the parties pursuant to Texas law, so that Rodriguez is now the plaintiff.  The court then held that the amount alleged in Rodriguez's counterclaim determined the amount in controversy; since this was less than $50,000, the court dismissed for want of jurisdiction.

## II.

> The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed "in good faith."  In deciding this question of good faith we have said that it "must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."

Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1961)).[2]  In Hardware Mut. Casualty Co. v. McIntyre, 304 F.2d 566, 569-70 (5th Cir.), cert. denied, 371 U.S. 878 (1962), this court interpreted Horton and held that, under the Texas workers' compensation scheme, if the insurance company claims an amount supporting jurisdiction, "federal jurisdiction exists unless the insured denies the allegation that he will seek more than [the jurisdictional minimum] in the court action and makes an affirma-

_____

[2] See also Foret v. Southern Farm Bureau Life Ins. Co., 918 F.2d 534, 537 (5th Cir. 1990);  Opelika Nursing Home v. Richardson, 448 F.2d 658, 667 (5th Cir. 1971).  Realignment of the parties does not alter this result, as jurisdiction is determined when the suit commences.  See St. Paul Mercury, 303 U.S. at 288.

tive claim for compensation for a sum which does not exceed [the jurisdictional minimum]."[3] If the employee counterclaims for less than the minimum jurisdictional amount, "it then becomes clear to a legal and mathematical certainty that the amount in controversy is less than the jurisdictional requisite." Id. at 570.

We now apply this standard to the two cases at hand.[4] In No. 91-7064, Russell alleges that the amount in controversy is less than $50,000 and asks in her counterclaim, for "all sums due her under the Texas Worker's Compensation Act for any temporarily [sic] total disability and/or for her impaired wage earning capacity." She also prays for past and future medical expenses. The counterclaim is vague as to the amount requested and thus does not show to a legal certainty that the amount in controversy does not exceed $50,000.

In No. 91-7072, Rodriguez alleges that the amount in controversy is less than $50,000 and asks, in his counterclaim, for compensation benefits in the amount of $48,845.12.[5] The McIntyre

---

[3] The McIntyre court declined to determine jurisdictional amount either by the award of the TWCC or by the original amount the employee requested from the TWCC.

[4] National Union has asked us to declare McIntyre obsolete in the wake of Northbrook Nat'l Ins. Co. v. Brewer, 493 U.S. 6 (1989). The McIntyre court supported its holding that the countercomplaint is crucial to determining jurisdiction by reasoning that the employee's complaint is the only real complaint in the case. The Court in Northbrook, id. at 10, has called this reasoning into question: "Although the employee in an action brought by the insurer retains some characteristics of a plaintiff at trial, such an action is still inescapably one by, not against, the insurer." Our finding of jurisdiction in these two cases does not conflict with McIntyre, which is factually distinguishable. Therefore, we decline to address McIntyre's continuing validity after Northbrook.

[5] Both parties admit that this amount will be reduced by the benefits already paid by National Union ($19,286.40) if judgment is for Rodriguez, as National Union is entitled to a credit for the amount of indemnity benefits already paid. See Charter Oak Fire Ins. Co. v. Pierce, 702 S.W.2d 259, 260

court assumed that the employee's counterclaim would contain all issues in controversy. That assumption does not hold true in No. 91-7072.

Rodriguez's counterclaim contains no mention of medical benefits. National Union apparently has paid $26,829.06 in medical benefits, however, and requests refund or credit for this sum.[6] Although the district court may not award future medical benefits, see art. 8307, § 5, it of course may set aside a past award. These benefits logically are part of the "amount in controversy," and Rodriguez has not refuted that claim. Therefore, it does not appear to a legal certainty that the amount in controversy is less than $50,000.

REVERSED and REMANDED for trial.

---

(Tex. App. )) Dallas 1985, writ ref'd n.r.e.).

[6] National Union suggests that the estimated value of future medical benefits should be included in the amount in controversy. We need not address this assertion in light of our conclusion that the jurisdictional amount is satisfied.