**GREAT AMERICAN INSURANCE COMPANY**

v.

**Frank CACCIOLA.**

**Civ. A. No. 3184.**

United States District Court
W. D. Texas,
San Antonio Division.

Jan. 29, 1963.

Carl Wright Johnson and Alfred W. Offer, San Antonio, Tex., for plaintiff.

Rudy Rice, San Antonio, Tex., for defendant.

SPEARS, Chief Judge.

On October 26, 1962, the plaintiff, Great American Insurance Company, a New York Corporation, the insurer of defendant's employer, filed this suit to set aside a decision of the Industrial Accident Board of Texas rendered October 25, 1962 on a workmen's compensation claim of the defendant, Frank Cacciola, a resident of Bexar County, Texas, for compensation on account of injuries growing out of his employment. The Board's *award* was less than $10,000, but the plaintiff says that the amount *claimed*

before the Board was in excess of $10,-000, and that, therefore, in view of the diversity of citizenship, this Court has jurisdiction of the controversy under 28 U.S.C. § 1332.

Six minutes after this action was filed, the defendant instituted suit against the plaintiff in the District Court of Bexar County, Texas, also seeking to set aside the Board's decision, and asking for judgment in the amount of $14,035, representing total permanent disability for 401 weeks, at the rate of $35 per week.

On November 21, 1962, defendant filed in this cause a pleading entitled "Motion to Dismiss for Lack of Jurisdiction, First Original Answer and Original Cross-Complaint", in which he contends that this Court has no jurisdiction. He denies therein that his claim exceeds $10,-000, but on the contrary says it is for only $9,600. However, in the prayer of his "Cross-Complaint", he asks for judgment against the plaintiff in the amount of $9,600, and for "past-due payments with interest thereon at the rate of 4% per annum from the due date of said payments", *and* "for medical, doctor and hospital expenses and services together with interest thereon from the date such expenses were incurred until the date of payment".

■ The law is now well settled that the federal district court has jurisdiction of a diversity suit by an insurer to set aside an award of the Texas Industrial Accident Board, if it is alleged that the claimant demanded compensation in excess of $10,000 before the Board, and will claim compensation in excess of such amount in the court action, *unless* the claimant denies that he seeks more than the jurisdictional limit in the court action, and makes an affirmative demand therein for compensation in a sum not exceeding that limit; provided, of course, it appears to a legal certainty that the amount in controversy is really less than the jurisdictional amount. Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961); Hardware Mut. Cas. Co. v. McIntyre, 304 F.2d 566 (5th Cir.), cert. denied,

371 U.S. 878, 83 S.Ct. 147, 9 L.Ed.2d 115 (1962); United States Fid. & Guar. Co. v. Hart, 304 F.2d 572 (5th Cir.), cert. denied, 371 U.S. 878, 83 S.Ct. 147, 9 L.Ed.2d 115 (1962); Standard Acc. Ins. Co. v. Aguirre, 304 F.2d 879 (5th Cir.), cert. denied, 371 U.S. 878, 83 S.Ct. 148, 9 L.Ed.2d 115 (1962).

■ It is apparent from defendant's pleading that although he denies that his claim in this Court exceeds $10,000, and affirmatively states in general terms that his claim is for only $9,600, his prayer asks judgment, in addition thereto, for medical, doctor and hospital expenses, the total of all of which is not stated. It cannot be said, therefore, that it appears to a legal certainty that the claim is really for less than the jurisdictional amount. Absent this "legal certainty", the motion to dismiss for want of jurisdiction must be overruled.

In my opinion, however, the motion must be overruled for another reason. Counsel for the defendant frankly stated in open court, during oral argument on the motion, that irrespective of the limited demand asserted in this court, he thought the defendant had the right to pursue his claim in state court for the full amount demanded there, and that he "may go for it if the facts of the case warrant it". In support of his position that this obvious inconsistency would not lessen the Court's duty to dismiss this suit, he cited the McIntyre case, supra, 304 F.2d 566, 570, wherein it was acknowledged that a claimant may defeat federal jurisdiction by claiming less than the jurisdictional amount, and yet be free to assert a claim for more than $10,000 in a state court action. However, the Court was quick to add that the claimant "would probably have some difficulty overcoming the effect of his previous judicial admission that he was not entitled to more than $10,000", and concluded that "This may well afford all the protection the insurer needs". In that case the claimant specifically alleged that he was entitled to $27 per week for 100 weeks of total disability, and $21 per week for 300 weeks of partial dis-

ability, whereas, in this case no facts pertaining to the nature, duration and extent of the claimed disability, or the rate per week, are set forth.

 Under state court practice in Texas, upon request of either party, a civil case must be submitted on special issues to a jury that cannot be advised of the effect of its answers. Tex.R.Civ. P. 277; 41B Tex.Jur. Trial—Civil Cases § 560 (1953). As a consequence, in a workmen's compensation case, the jury is very seldom concerned with a determination as to the amount of money to be awarded. The amount of the award is usually the result of a mathematical calculation by the Court based upon the jury's findings, among other things, as to the employee's average weekly wage, his average weekly wage earning capacity, and whether his incapacity is total, partial, permanent or temporary. Vernon's Tex.Ann.Civ.Stat. art. 8306 (1956, Supp.1962).

From the foregoing it is obvious that in this type of case, a general statement in a pleading in this court as to the amount sued for, without more detailed allegations concerning the basis upon which the claim is asserted, is so indefinite as to be virtually meaningless before a state court jury as a prior inconsistent statement, and would provide practically no restriction whatever upon the defendant in going for, and obtaining, the full amount of $14,035 in state court. On the other hand, allegations similar to those involved in McIntyre would probably afford the insurer the kind of protection contemplated by the court therein.

 As I interpret the law the dismissal of a suit is not required simply because the counterclaim contains a general allegation that an amount less than $10,000 is demanded, unless, at the same time, it appears to a legal certainty that the claim is really for less than the jurisdictional amount. The pleading setting forth the amount in controversy must, therefore, still meet the test of "good faith". St. Paul Mercury Indem. Co. v.

Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

 Since the defendant has wholly failed to allege, as evidence of his good faith, sufficient facts to constitute a definite and meaningful judicial admission with respect to his claim, and from which it may be ascertained to a legal certainty that the amount in controversy is *really* less than $10,000, the motion to dismiss will be overruled, and an order to that effect will be entered.