**FIREMAN'S FUND INSURANCE COMPANY, Plaintiff,**

v.

**Alfred A. JEKEL, Defendant.**

Civ. A. No. 1317.

United States District Court
W. D. Texas,
Austin Division.

Feb. 14, 1963.

Tom H. Davis, Byrd, Davis & Eisenberg, Austin, Tex., for defendant and cross-plaintiff Alfred A. Jekel.

Gay & Meyers, by James R. Meyers, Austin, Tex., for plaintiff, Fireman's Fund Ins. Co.

RICE, District Judge.

The plaintiff, Fireman's Fund Insurance Company, a private corporation, a non-resident of this State, carrying the compensation insurance of defendant's employer, filed this cause in this court on November 6, 1962, against the defendant, Alfred A. Jekel, seeking to set aside the final ruling and decision of the Industrial Accident Board of the State of Texas made on November 5, 1962, in a matter pending before said Board styled Alfred A. Jekel, employee, v. Gilfillan Bros., Inc., employer, Fireman's Fund Insurance Company, insurer, said claim being numbered W–68506 upon the docket of the said Board, seeking recovery for a sum in excess of $10,000 for a general injury alleged to have been received in the course of his employment. The Board's award was for a sum considerably less than $10,000. Plaintiff insurance company gave timely notice to the Industrial Accident Board of the State of Texas that it 'was unwilling to abide by the above mentioned decision of the Board; and on November 6, 1962, the insurance company timely filed its complaint in this court in the above cause seeking to set aside said award, alleging that the defendant Jekel had filed his claim with the Industrial Accident Board of the State of Texas seeking to recover an amount exceeding the sum of $10,000, exclusive of interest and costs of court.

It is undisputed that within approximately forty-five minutes after the filing of plaintiff's complaint in this court, defendant Jekel filed his suit in the 127th District Court of Harris County, Texas, against this plaintiff as defendant, seeking recovery on the same alleged general injury in the sum of $14,035.

On November 26, 1962, the defendant Jekel filed in this court what he denominated "Plea to the Jurisdiction, Original Answer, and Cross-Action of Defendant" wherein he alleged that this court has no jurisdiction of this suit in that the amount in controversy in this suit does not exceed, exclusive of interest and costs, the sum of $10,000. Following the foregoing Plea, and in the same instrument, denominated "Cross-Action" in paragraph 10 thereof, the defendant Jekel states:

"For the purpose of this suit cross plaintiff hereby limits his recovery to an amount which does not exceed, exclusive of interest and costs, the sum of $10,000."

When this cause came on to be heard on the above mentioned Plea and Cross-Action of the defendant the Court heard the stipulations and argument of counsel and entered the following order on January 29, 1963:

"The Court, having heard the plea to the jurisdiction filed herein by the defendant and cross-plaintiff, Alfred A. Jekel, and the arguments of counsel thereon, rules as follows: If the defendant by amended petition filed in this court through his attorney of record, both in the case now pending in this court and in the case pending in the State Court, will file a stipulation and promise that he will not hereafter again assert a claim in the State Court for more than $10,000, exclusive of interest and costs, then the Court will grant the motion of defendant and cross-plaintiff to dismiss; otherwise not."

When the Court read this order to the parties in open court the defendant and cross-plaintiff refused to file the stipulations above set forth, stating as grounds for his action that this court has no jurisdiction of this cause, all as set forth in the transcript of proceedings taken on January 29, 1963, and made a part of this record, and in which transcript of proceedings the Court stated in open court:

"Yes, I read them. My idea, Davis, is this, that fundamentally in a case there ought to be good faith, and I believe I'm going to so find in the order that I draw up and file in this court, that you're entirely wanting of good faith in the matter, and see what the Court does with that. If they want to say a man can come into court and file a motion without good faith, I'll follow it."

The transcript of the record shows that after the Court had made the foregoing statement counsel for defendant Jekel made the following statement:

"At the time it is set for trial I do not intend to offer any evidence, but just insist upon my motion."

After the statement made by counsel for the defendant Jekel the Court stated to Jekel's attorney:

"All right. We'll call that case any time, and you refuse to put on any evidence, I will find that you take nothing."

To which counsel for defendant Jekel said:

"Yes, sir, and that's an appealable order."

The cause was later called, attorney for Mr. Jekel refused to put on any evidence, and the Court entered judgment that the defendant Jekel take nothing.

Boiled down, this case poses this problem: Under the facts of this case can a workman claiming before the Industrial Accident Board an award for compensation for a general injury alleged to have been suffered by him in the course of his employment, which award could have exceeded the sum of $14,000, defeat the jurisdiction of the Federal District Court by filing an answer in the case pending in the Federal District Court that "for the purpose of this case" he was not claiming recovery of a sum in excess of $10,000, exclusive of interest and costs, at the same time admitting that he will in the State Court seek an award of over $14,000 for the same injury.

 That a Federal District Court, in a diversity suit by an insurer to set aside an award of the Texas Industrial Accident Board wherein it is alleged that the claimant demands compensation in excess of $10,000 before the Board and will contend for recovery of more than $10,000, has jurisdiction is too well settled to require citation of authority. Horton v. Liberty Mutual Insurance Company, 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890; Great American Insurance Company v.

Frank Cacciola, D.C., 213 F.Supp. 303, opinion by Chief Judge Adrian A. Spears.

This Court does not feel that by any such legerdemain and any such statement made in his pleading in glaring bad faith, can defendant defeat the jurisdiction of the Federal Court which had theretofore attached. I feel that to permit this would be to encourage dishonesty and the perpetration of a legal fraud on the jurisdiction of this Court. To hold otherwise it would seem to me that a court would have to prostitute its integrity; this I am unwilling to do until higher authority says that I must.