**Mrs. Yvonne BURAS, Widow of Oliver V. Adolph, Appellant,**

v.

**BIRMINGHAM FIRE INSURANCE COMPANY OF PENNSYLVANIA, Appellee.**

**No. 20421.**

United States Court of Appeals Fifth Circuit.

Jan. 10, 1964.

Reginald T. Badeaux, Jr., Robert R. Gisevius and John J. Cummings, III, New Orleans, La., for appellant.

P. A. Bienvenu, Bienvenu & Culver, and Timothy J. McNamara, New Orleans, La., for appellee.

Before CAMERON, WISDOM and GEWIN, Circuit Judges.

PER CURIAM.

The narrow question presented here is whether the exaction provided for by LSA–R.S. 22:656 [1] is interest, or is not interest, in determining whether the amount involved is sufficient to hold federal jurisdiction over this case.

The district court determined, upon appellant's declaration, that the exaction was in the nature of a penalty, not interest. We think this holding is correct.

The State of Louisiana has a statutory interest rate of 5%, which is in derogation of deciding this 6% exaction interest also. Moreover, the 6% is not due if the insurance contract is settled within 60 days. The federal statute [2] sets the minimum in removals at $10,-000.00, exclusive of interest and costs. We hold that this exaction is intended to

---

1. "§ 656 Payment of claims; life policies; penalty

"All death claims arising under policies of insurance issued or delivered within this state shall be settled by the insurer within sixty days from the date of receipt of due proof of death and should the insurer fail to do so without just cause,

then the amount due shall bear interest at the rate of six per cent per annum from date of receipt of due proof of death by the insurer until paid." Amended and re-enacted Acts 1958, No. 125.

2. 28 U.S.C.A. § 1332.

be in the nature of a coercive penalty towards *prompt settlement.* The statutory amount here sued for is, therefore, sufficient. The appellant's complaint states, according to LSA–R.S. 22:656, that the

" * * * defendant has refused and/or neglected to pay petitioner under said policy [for more than 60 days], and said refusal on the part of the defendant is arbitrary, capricious, unwarranted and without probable cause and therefore the Petitioner is entitled to an award of penalties as provided for in the Insurance Code of the State of Louisiana."

The Supreme Court and this Court has uniformly, in resolving such questions, looked to the amount the plaintiff in good faith demands and, here, it exceeds $10,000.00.

Affirmed.