The **INSURANCE COMPANY OF NORTH AMERICA, Appellant,**
**Appellant,**

v.

**W. V. KEELING, Appellee.**

No. 22026.

United States Court of Appeals
Fifth Circuit.

Jan. 11, 1966.

Amended and Rehearing Denied
May 2, 1966.

---

John C. Held, Houston, Tex., for appellant.

Carl Dudensing, Herbert L. Morgan, Houston, Tex., for appellee.

Before RIVES, WISDOM, and GEWIN, Circuit Judges.

WISDOM, Circuit Judge:

The Insurance Company of North America brought a diversity suit in the United States District Court for the Eastern District of Texas to set aside two awards of the Texas Industrial Accident Board. The defendant's pleadings show that the insured's claim in this litigation is for less than the $10,000 jurisdictional amount. 28 U.S.C. § 1332. The district court dismissed the action. We affirm.

\* \* \*

W. V. Keeling, the appellee, sustained injuries in two different accidents while in the employ of Hunt Oil Company. He injured his left eye May 30, 1960, and his back March 5, 1962. Keeling filed two separate claims before the Industrial Accident Board neither of which exceeded $10,000. The Board held a single hearing June 16, 1964 for both claims and awarded total disability benefits of $3,500 (100 weeks at $35) for the eye claim and $1,820 (52 weeks at $35) for the back claim. Keeling gave the Board notice of appeal on the award for his back, and filed suit for the back injury July 15, 1964 in the state district court for $9,835, the maximum total disability benefits (281 weeks at $35) warranted by his prior salary. Under Texas law, the filing of this suit abrogated the Board's award under the back claim. Zurich General Accident Co. v. Rodgers, 1936, 128 Tex. 313, 97 S.W.2d 674; Texas Reciprocal Ins. Asso. v. Leger, 1936,

128 Tex. 319, 97 S.W.2d 677. Keeling did not appeal the award under the eye claim, but he filed a state court suit to enforce payment of the award. The insurer sued in the federal court to set aside both awards, alleging that the amount in controversy in each claim was in excess of $10,000. Keeling filed a single pleading, styled "Motion to Dismiss for Want of Jurisdiction, Original Answer and Compulsory Counterclaim" covering both the back and eye injuries. The district court granted the motion to dismiss for want of jurisdiction.

This case is governed by Hardware Mutual Casualty Co. v. McIntyre, 5 Cir. 1962, 304 F.2d 566, cert. denied, 371 U.S. 878, 83 S.Ct. 147, 9 L.Ed.2d 115. McIntyre established the following test for jurisdictional amount in Texas Workmen's Compensation cases:

> " * * * If the insurer alleges that the insured has claimed compensation in excess of $10,000 before the Board and that the insured will claim compensation in excess of $10,000 in the court action to 'set aside' the award, federal jurisdiction exists *unless* the insured [1] denies the allegation that he will seek more than $10,000 in the court action and [2] makes an affirmative claim for compensation for a sum which does not exceed $10,000." 304 F.2d at 569–570.

The insured's pleadings meet this test.

Keeling's motion to dismiss and answer deny the insurer's allegation that the amount in controversy in each claim exceeds the jurisdictional amount. His compulsory counterclaim makes affirmative demands for less than $10,000; $3,500 for his eye injury (100 weeks at $35); $5,985 for his back injury (171 weeks at $35); for total disability compensation within the meaning of the Texas Workmen's Compensation Law. These two demands total $9,485. He requests no additional relief in this action.

The insurer attempts to distinguish the insured's pleadings from those filed in the *McIntyre* line of cases [1] on the ground that in each case the claimant's pleadings either expressly waived all benefits in excess of $10,000 or his pleadings and prayer effectively limited his recovery to this amount. Here, so the argument runs, the pleadings do not prevent the insured's claiming additional compensation for medical expenses or partial disability that may occur after the total disability payment period. This position assumes that these potential items are necessarily part of the controversy; defendant's failure to disclaim them compels federal jurisdiction.

This Court developed the *McIntyre* test to apply the principles of Horton v. Liberty Mutual Insurance Co., 1961, 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890. In *Horton,* the insurer filed suit to set aside a Texas Workmen's Compensation award, and the defendant's counterclaim determined the amount in controversy. The Court concluded that in this situation it could determine the amount in controversy from the counterclaim itself, unless it appeared that the amount stated in the complaint was not claimed "in good faith." Justice Black, for the Court, suggested alternative ways that good faith could be shown, among them denial of allegations that the amount in controversy exceeds $10,000 or the disclaimer or surrender of part of the original claim. Applying this decision in *McIntyre,* we held that the insured establishes his good faith by (1) denying that he will seek more than $10,000 in the court action; *and* by (2) stating an affirmative claim for compensation not exceeding $10,000. The insurer's evidence showing the possibility of additional claims that may arise in the future from the same accident in itself will not defeat the workman's showing of good faith. Similarly, the insured's filing of a claim in excess of $10,000 with the Texas Industrial Accident Board or his

1. Hart v. United States Fid. and Guar. Co., 5 Cir. 1962, 304 F.2d 572; Standard Acc. Ins. Co. v. Aguirre, 5 Cir. 1962, 304 F.2d 879; Jekel v. Fireman's Fund Ins. Co., 5 Cir. 1963, 318 F.2d 321.

concurrent state suit demanding more than $10,000 damages will not defeat the insured's good faith denial or legal certainty of his affirmance in the federal responsive pleading. The Court may require specificity in the amount demanded for a particular portion of the stated claim.[2] And the Court may find from the defendant's judicial admissions that the actual amount he has placed in controversy in the *federal* action is in excess of $10,000.

The appellant would have us extend the *McIntyre* test by requiring that the workman expressly stipulate or agree not to claim in excess of $10,000 in subsequent state actions. We see no reason to extend the *McIntyre* requirements.

Appellant relies on Great American Insurance Co. v Cacciola, W.D.Texas 1963, 213 F.Supp. 303. In that case, the court, in an alternative holding for its finding of jurisdiction, relied on the defendant counsel's statement in open court that his client had the right to pursue a claim in state court in excess of $10,000, notwithstanding a denial of jurisdictional amount in the counterclaim. We have held that looking to the insured's state court claims to rebut defendant's good faith is inconsistent with the *McIntyre* test. Jekel v. Fireman's Fund Ins. Co., 5 Cir. 1963, 318 F.2d 321, rev'g 214 F. Supp. 27.

Finally, the appellant contends that the insured's denial of jurisdictional amount is ineffective in this case since the insured did not repeat in the prayer of the counterclaim, as well as in the related motion and answer, that his claim does not exceed $10,000. Although a summary in the prayer of the amount demanded is good practice, such a summary is not critical where, as in this case, the

denial of the jurisdictional amount in controversy clearly appears in the defendant's related motion to dismiss or in the defendant's answer. We conclude that defendant has not placed possible subsequent partial disability compensation or medical expenses within the controversy of *this* action.[3] The insured's counterclaim for his eye injury and total disability is the only claim involved in this case; the sum of its demands falls short of the required jurisdictional amount.

The judgment is affirmed.

### ON PETITION FOR REHEARING

The petition for rehearing is denied. However, the Court has amended its original opinion in this case to correct several clerical errors and to clarify its description of the workmen's compensation claims involved.

The Court has also considered the question of pre-judgment interest even though the appellant raised it for the first time in the petition for rehearing. The diversity statute limits federal jurisdiction to matters in controversy exceeding $10,000, "exclusive of interest and costs." 28 U.S.C. § 1332. Texas provides for 4 per cent "interest" on accrued installments in workmen's compensation cases. Vernon's Ann.Tex.Civ.Stat. Art. 8306a. The appellant contends that the interest would push Keeling's counterclaim over $10,000; and that this Court has construed an analogous Louisiana insurance statute as in reality providing for the payment of a "penalty" that must be included in the jurisdictional amount. Buras v. Birmingham Fire Ins. Co. of Pennsylvania, 5 Cir. 1964, 327 F.2d 238 (per curiam). We find the *Buras* case distinguishable. The Louisiana statute

---

2. See Great Am. Ins. Co. v. Cacciola, 213 F.Supp. 303 (W.D.Texas 1963) (counterclaim for $9,600 *and* unascertained amount of medical expenses in federal court).

3. It was unnecessary for the insured in this case to plead facts concerning medical expenses, since they had not been incurred at the time the counterclaim was

filed. This is true even though the insurer introduced evidence of prospective medical expenses of $1,000 to $1,200 for anticipated surgery to defendant's injured eye. R. 53. Compare Great Am. Ins. Co. v. Cacciola, supra note 2, in which recovery for these expenses was demanded in the counterclaim, and the court did call upon the insured to plead special facts concerning their limitation.

provides for 6 per cent "interest" for all death claims under insurance policies unpaid 60 days after proof of death. LSA–R.S. 22:656. We interpreted this as a "penalty" for jurisdictional purposes because Louisiana has a regular statutory interest rate of only 5 per cent; and the 6 per cent is not due at all if the insurance contracts are settled within 60 days. In contrast, Texas has a higher regular statutory interest rate—six per cent—than for workmen's compensation installments, Vernon's Ann.Tex.Civ.Stat. Art. 5072, and interest is recoverable in Texas for *all* accrued workmen's compensation weekly installments. Furthermore, the Workmen's Compensation Act contains a separate, specific provision for 12 per cent "penalty" or "damages" for nonpayment of benefits prescribed by an Accident Board ruling. Vernon's Ann. Tex.Civ.Stat. Art. 8307, § 5a.

The opinion is reissued as amended according to the corrected copy attached hereto; the petition for rehearing is

Denied.