AL–CAST MOLD & PATTERN, INC.

v.

PERCEPTION, INC.

No. 99–CV–590 (JMR/FLN).

United States District Court,
D. Minnesota.

June 18, 1999.

George Lewis May, May Law Office, Hastings, MN, Terence G O'Brien, for Al–Cast Mold & Pattern Inc., a Minnesota corporation, plaintiff.

Justin Harley Perl, Mark Wayne Lee, Maslon Edelman Borman & Brand, Minneapolis, MN, for Perception, Inc., a foreign corporation, defendant.

## ORDER

ROSENBAUM, District Judge.

Shortly after this matter was filed, the Court reviewed the pleadings *sua sponte*. After considering the ad damnum clause of the complaint and answer, the Court issued an Order to Show Cause, dated May 13, 1999, directing the parties to advise the Court why this matter should not be dismissed for lack of subject matter jurisdiction.

Each party has responded. Plaintiff now seeks to remand this matter to the Anoka County District Court, State of Minnesota. Defendant opposes remand. Having considered the matter, the Court finds it lacks subject matter jurisdiction, and remands the matter to the Anoka County District Court.

### I. *Facts*[1]

Plaintiff, Al–Cast Mold & Pattern, Inc. ("Al–Cast"), filed its complaint in Minnesota's Tenth Judicial District on March 19, 1999. The complaint sets forth Al–Cast's claims, and alleges damages of $17,345.88. There is no question of the parties' diversity of citizenship.

On April 7, 1999, defendant, Perception, Inc., answered the complaint, claiming to assert a compulsory counterclaim and damages "in an amount in excess of $50,000." *See Def. Answer & Counterclaim* ¶ 7. On April 14, 1999, defendant removed the matter to this Court, pursuant to 28 U.S.C. § 1441(a). Defendant's removal petition asserts that the amount in controversy "exceeds the sum or value of $75,000." *See Def. Notice of Removal.* Defendant claims these facts confer jurisdiction on this Court, pursuant to 28 U.S.C. § 1332.

### II. *Analysis*

Federal courts are courts of limited jurisdiction, possessing only those powers authorized by the Constitution and the statutes enacted by Congress. *Willy v. Coastal Corp.,* 503 U.S. 131, 136–37, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992). The party asserting jurisdiction has the burden of showing that the amount in controversy exceeds the jurisdictional amount. *Hatridge v. Aetna Cas. & Sur. Co.,* 415 F.2d 809, 814 (8th Cir.1992). Congress has given this Court jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states." 28 U.S.C. § 1332.

Defendant's reply to the Order to Show Cause states that its counterclaim satisfies the minimum jurisdictional amount, either alone, or when aggregated with the plaintiff's asserted damages. The Court does not agree.

The Eighth Circuit Court of Appeals has not ruled on this issue.[2] Research reveals

---

1. At this very early stage, the Court assumes the facts alleged in the pleadings to be true, making no independent determinations.

2. The Eighth Circuit Court of Appeals has alluded to the question in one case, noting there are "[I]nstances where the courts have measured the matter in controversy from the standpoint of the defendant.... [W]e, too, have recognized the possibility of utilizing the defendant's risk as a measure of federal jurisdiction." *Hatridge v. Aetna Cas. & Sur. Co.,* 415 F.2d 809, 815 (8th Cir.1969). However,

a split among other courts. See *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir.1998) (counterclaims are subsequent events that should not be considered in evaluating the amount in controversy under 28 U.S.C. § 1332); *Davis v. Mutual of Omaha Ins. Co.*, 290 F.Supp. 217 (W.D.Mo.1968) (defendant's counterclaim cannot supply the jurisdictional amount); *Continental Ozark, Inc. v. Fleet Supplies, Inc.*, 908 F.Supp. 668 (W.D.Ark., 1995); But see *Spectacor Management Group v. Brown*, 131 F.3d 120 (3rd Cir.1997) (compulsory counterclaim filed by defendant will satisfy jurisdictional amount); *Geoffrey E. Macpherson, Ltd. v. Brinecell, Inc.*, 98 F.3d 1241 (10th Cir. 1996) (defendant's compulsory counterclaim included in jurisdictional amount); *Swallow Assoc. v. Henry Molded Products, Inc.*, 794 F.Supp. 660 (E.D.Mich.1992) (amount in controversy properly included counterclaims).

■ This Court agrees with those courts which hold that counterclaims do not satisfy the jurisdictional amount. In this Court's view, the inclusion of counterclaims to meet the jurisdictional amount disturbs not only the statutes that define federal jurisdiction, but also the authority granted by Article III. The Eighth Circuit recognizes that "diversity jurisdiction in removal cases [is] narrower than if the case was originally filed in federal court by the plaintiff." *Hurt v. Dow Chemical Company*, 963 F.2d 1142, 1145 (8th Cir. 1992). Moreover, the Supreme Court has noted that removal to federal court is a statutory right, and not one granted under the Constitution. Therefore, removal jurisdiction must be narrowly construed in favor of the non-removing party. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

■ Accordingly, limiting jurisdiction to the damage claims made by the plaintiff is appropriate. This rule is also in accord

the Eighth Circuit did not resolve this issue, because *Hatridge* did not contain a counterclaim. Further, *Hatridge* occurred prior to

with federal question cases where, in the vast majority, jurisdiction is determined solely by the allegations contained in the plaintiff's complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *McClymonds v. Brandle*, 171 F.Supp. 457 (E.D.Mo.1959) (defendants cannot remove a case to federal court by invoking jurisdiction with a counterclaim). Therefore, for the purposes of determining diversity jurisdiction, the amount in controversy should also be ascertained solely from the face of the plaintiff's complaint.

The Court now applies these principles. First, plaintiff's claim of damages of $17,-345.88 is, obviously, below the $75,000 threshold.

■ Second, defendant's counterclaim does not assert claims of $75,000, but seeks damages "in an amount in excess of $50,000." *Def. Answer & Counterclaim*. The Court does not consider this statement as meeting the requirements established by Congress; to decide otherwise would undercut Congress's express intent when it raised the jurisdictional amount from $50,000 to $75,000 in 1996. If the Court were to accept the proffered argument that the mere words "in excess" met the Congressional requirement, there is no principled basis on which a sum "in excess of $25.00" would not also do so.

Third, adding plaintiff's claimed damages of $17,345.88 to the defendant's counterclaim totals $67,345.88, a sum which is not greater than $75,000. Therefore, the Court finds that the face of defendant's counterclaim does not meet the jurisdictional amount of 28 U.S.C. § 1332.

■ Finally, the Court recognizes that defendant's Notice of Removal names the $75,000 jurisdictional sum. The Court finds this document, standing alone, does not satisfy the jurisdictional amount. Having seen that the parties' allegations,

the 1996 amendments to the removal statute, limiting access to the federal courts by raising the jurisdictional amount.

either separately or taken together, are insufficient to reach $75,000, the mere copying of a form cannot satisfy Congress's mandate. It is the complaint, the answer, and the counterclaims which are the parties' allegations, and it is these claims which must be supported or defeated. The parties' contentions are set forth in their pleadings, and it is here that the parties set forth the facts as they see them. "There shall be a complaint and an answer; a reply to a counterclaim.... No other pleading shall be allowed...." Fed. R.Civ.P. 7.

### III. *Conclusion*

For the reasons set forth herein, the Court holds the present amount in controversy to be insufficient for removal under the diversity statute. Accordingly, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332, and this matter is remanded to the Anoka County District Court.

IT IS SO ORDERED.

**J.B. HUNT TRANSPORT, INC., et al., Plaintiffs,**