**Lawrence J. KAPLAN, Plaintiff,**

v.

**COMPUTER SCIENCES CORPORATION, Defendant.**

**No. 01 CIV. 2982(CLB).**

United States District Court, S.D. New York.

June 27, 2001.

Diane B. Kaplan, Briarcliff Manor, NY, for Plaintiff.

Kathryn Korger, Jackson Lewis Schnitzler & Krupman, New York City, for Defendant.

### MEMORANDUM & ORDER

BRIEANT, District Judge.

At the June 18, 2001 Rule 16 conference before this Court, the Court raised *sua sponte* its concern regarding whether the amount in controversy in this diversity breach of contract litigation satisfies the jurisdictional requirement for federal subject matter jurisdiction in a diversity case.[1] This action was removed from the Su-

preme Court of the State of New York, County of Westchester by Notice of Removal filed on April 9, 2001. Plaintiff asserts a claim for payment of his $75,000 bonus for fiscal year 2001, and Defendant asserts a compulsory counterclaim for $30,000, representing return of a signing bonus in that amount that Defendant paid to Plaintiff on the condition that he return it if he left Defendant's employ before the end of one year of employment, which he did.

Standing alone, Plaintiff's claim is insufficient to create subject matter jurisdiction in this Court because it does not demand an amount that *exceeds* $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Defendant argues that this Court properly may exercise diversity jurisdiction over this removed action because the aggregate amount of Plaintiff's claim and Defendant's compulsory counterclaim equals $105,000, which satisfies the jurisdictional amount in controversy requirement.

It is well-established that satisfaction of diversity jurisdiction requirements are determined as of the date that the suit is filed. *See, e.g., Freeport–McMoRan, Inc. v. KN Energy,* 498 U.S. 426, 428, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991); *Wolde–Meskel v. Vocational Instruction Project Community Services, Inc.,* 166 F.3d 59, 62 (2d Cir.1999); 15 *Moore's Federal Practice,* §§ 102.16, 102.104[1] (Matthew Bender 3d ed.2001). This direction counsels that later-dated counterclaims should not be considered in the Court's determination of the amount in controversy for diversity jurisdiction purposes.

Nevertheless, courts are divided on the issue of whether a compulsory counter-

---

1. There is complete diversity of citizenship. Plaintiff is a citizen of the State of New York. Defendant is a corporation organized under the laws of the State of Nevada, with its principal place of business in El Segundo, California.

claim may be considered in determining the amount in controversy for purposes of exercising diversity jurisdiction. The Third Circuit reasons that "where the circumstances surrounding a plaintiff's claim require a defendant to assert a counterclaim ... defendant's claim is part of the controversy set forth in the plaintiff's complaint," and the aggregate amount of the plaintiff's claim and the compulsory counterclaim is the most accurate measure of the substantiality of the claim, which determination is the purpose of the jurisdictional amount in controversy requirement. *Spectacor Mgmt. Group v. Brown,* 131 F.3d 120, 121, 122–23 (3rd Cir.1997). Other Circuits have held that where a compulsory counterclaim is, alone, of an amount to satisfy the jurisdictional amount in controversy requirement, that counterclaim may confer subject matter jurisdiction even where the plaintiff's claim demands less than the jurisdictional amount. *See, e.g., Geoffrey E. Macpherson, Ltd. v. Brinecell, Inc.,* 98 F.3d 1241, 1245 n. 1 (10th Cir.1996); *Fenton v. Freedman,* 748 F.2d 1358, 1359 (9th Cir.1984); *Motorists Mutual Insurance Co. v. Simpson,* 404 F.2d 511, 514 (7th Cir.1968)(stating in *dicta* that there are cases holding that when a compulsory counterclaim independently meets the jurisdictional amount that federal jurisdiction should be sustained); *see also, Insurance Co. Of North America v. Keeling,* 360 F.2d 88, 90–91 (5th Cir. 1966)(the Court could determine the amount in controversy from the counterclaim itself). In the case of *Horton v. Liberty Mutual Ins. Co.,* 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961), relied on by Defendant here, the Supreme Court held that diversity jurisdiction existed where Defendant appealed a judgment of less than the jurisdictional amount and the

Defendant's complaint alleged, and Plaintiff did not deny, that Plaintiff had claimed, was claiming, and would continue to claim $14,035.[2] *Horton* does not apply to cases, such as the one now before this Court, where neither the principal claim nor the compulsory counterclaim on its own claims an amount sufficient to satisfy the jurisdictional amount in controversy requirement. In any event, absent further commentary by the Supreme Court with respect to how that case ought to be interpreted with respect to diversity jurisdiction, it is "difficult to the point of impossibility to state the principle for which the Horton decision stands." Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3706 at 220.

■ Exercising jurisdiction over a case such as this, where neither the claim, nor the counterclaim satisfies the jurisdictional amount in controversy requirement, would not observe properly the limited jurisdiction that this Court is bound to respect, as is required by Rule 82 of the Federal Rules of Civil Procedure. It is a rare occasion when a plaintiff brings a diversity suit in federal court that does not itself satisfy the jurisdictional amount in controversy requirement in the hopes that the defendant, rather than moving to dismiss on jurisdictional grounds, will counterclaim against the plaintiff in an amount that will meet the requisite amount in controversy. *See* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3706, n. 17.

In the context of cases reaching this Court by removal, as here, the majority of courts decline to permit the defendant's counterclaim to be considered in determin-

**2.** The jurisdictional amount in controversy requirement for diversity subject matter juris-

diction at that time was $10,000.

ing the amount in controversy. *See* Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3706, n. 43; *see also St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294, 58 S.Ct. 586, 82 L.Ed. 845 (1938)("If [plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove"); *Spectacor Mgmt. Group v. Brown*, 131 F.3d 120, 125–26 (3rd Cir.1997)(distinguishing the removed case from the case originally filed in federal court); *Video Connection of America, Inc. v. Priority Concepts, Inc., et. al.*, 625 F.Supp. 1549, 1551 (S.D.N.Y.1986)(Kram, J.)(in a removed case, the counterclaim does not affect the amount in controversy); *Coditron Corporation v. AFA Protective Systems, Inc.*, 392 F.Supp. 158, 161 (S.D.N.Y.1975)(Pollack, J.); *Al–Cast Mold & Pattern, Inc. v. Perception, Inc.*, 52 F.Supp.2d 1081 (D.Minn.1999)(Rosenbaum, J.)(the amount in controversy should be ascertained solely from the face of the plaintiff's complaint). Distinguishing the case where the court is determining whether to consider counterclaims in evaluating the amount in controversy in a case originally filed in federal court, as opposed to the case removed to federal court, the Third Circuit noted that "removal is governed by considerations inapplicable to cases involving the exercise of original jurisdiction," and the majority of cases adopt the position that inclusion of counterclaims should not be permitted in the removal context. *Spectacor Mgmt. Group*, 131 F.3d at 125–26. This position is consistent with the governing proposition adopted by the Supreme Court in *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 107–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), when it noted that removal is statutory and not constitutional and that removal jurisdiction must be narrowly construed in favor of the non-removing party to prevent encroachment on the right of state courts to decide cases properly before them.

 For the foregoing reasons, this Court concludes that it is inappropriate in a removed case to consider the amount of Defendant's counterclaim in assessing the amount in controversy for jurisdictional purposes. Plaintiff's claim for $75,000 fails to satisfy the jurisdictional amount in controversy requirement for diversity cases, as set forth in Section 1332(a) of Title 28, United States Code. Accordingly, the case is remanded to the Supreme Court of the State of New York, County of Westchester.

SO ORDERED.