**Renee MARKS, Plaintiff,**

v.

**U.S. WEST DIRECT, Defendant.**

**No. 95–WM–2781.**

United States District Court,
D. Colorado.

Jan. 5, 1998.

Renee Marks, Fort Collins, CO, pro se.

Raymond W. Martin, Nancy E. Berman, Parcel, Mauro Hultin & Spaanstra, P.C., Denver, CO, for defendant.

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

MILLER, District Judge.

Before me is the motion for summary judgment filed by defendant U .S. West Direct (U.S.West). After review of the motion and accompanying brief, plaintiff's affidavit filed in response thereto, and the record in this case, I conclude that the motion should be granted.

### Background

At all times pertinent to this lawsuit, plaintiff was an account representative in U.S. West's office in Fort Collins where she was

responsible for handling Yellow Pages advertising accounts. There are three levels of representatives, according to the size of the accounts handled: account representatives handle smaller accounts, telephone representatives large accounts, and premise representatives the largest accounts.

Plaintiff alleges that U.S. West discriminated against her on the basis of her age and national origin[1], in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, when it failed to promote her from account representative to telephone representative when three positions became vacant between November 1992 and July 1994. According to U.S. West, plaintiff was not eligible for promotion before August 30, 1994, because of her job performance (U.S. West allowed thirteen accountable errors in a twelve-month rolling time period; plaintiff had eighty-eight such errors in June 1993); she was promoted to the next open telephone representative position in November 1995. Plaintiff also asserts that her supervisor, Randy Hatch, made comments on "many occasions" reflecting both age and national origin discrimination.

Plaintiff's third claim is for violation of the Equal Pay Act, 29 U.S.C. § 206. This claim is premised on her allegation that a male employee, John Hamilton, was paid more when he became a telephone representative in 1993 than she was paid when she was promoted to telephone representative in 1995. U.S. West attributes the difference in pay to changes in the collective bargaining agreement (CBA) between 1993 and 1995 which affected the amount telephone representatives received under a draw program.

Finally, plaintiff alleges a claim under state law for breach of contract, arguing that U.S. West breached two provisions of the CBA in effect between U.S. West and the International Brotherhood of Electrical Workers: a twenty-four month "time in service" promotion requirement and an overtime requirement.

## Standard of Review

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The adverse party must set forth specific facts showing that there is a genuine issue for trial. The court views the record in the light most favorable to the party opposing the motion. *Geoffrey E. Macpherson, Ltd. v. Brinecell, Inc.*, 98 F.3d 1241, 1245 (10th Cir.1996). A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In this employment case, plaintiff bears the initial burden of presenting a *prima facie* case of discrimination. U.S. West must then produce evidence that it acted upon legitimate, non-discriminatory reasons. If this burden is met, plaintiff must prove that the reasons offered by U.S. West were a pretext for discrimination. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993).

### Discussion

*Defendant's Motion to Strike*

As an initial matter, I must consider U.S. West's motion to strike the affidavit, with exhibits, which plaintiff filed in lieu of a brief in response to the motion for summary judgment. U.S. West alleges that the affidavit is conclusory and self-serving.

Although plaintiff was originally represented by counsel in this action, her attorney was disqualified from practicing before this Court, and she is now proceeding *pro se.* As a result of her status, I must construe her pleadings liberally, holding them to a less stringent standard than those drafted by lawyers. *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir.1996). This liberal construction does not relieve plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. *Id.* (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991)).

Because I conclude that U.S. West is entitled to summary judgment notwithstanding the arguments raised in plaintiff's affidavit, I will deny the motion to strike.

---

**1.** Plaintiff is a native of France and a naturalized citizen of the United States.

*Defendant's Motion for Summary Judgment*

### 1. Breach of Contract Claim

■ U.S. West first contends that plaintiffs state law breach of contract claim, based on alleged violations of the CBA, must be dismissed because it is preempted by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.[2] Plaintiff's affidavit does not address this issue.

The Supreme Court held in *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 220, 105 S.Ct. 1904, 1916, 85 L.Ed.2d 206 (1985), that section 301 preempts any state law claim when resolution of that claim is "substantially dependent" upon analysis of the terms of a collective bargaining agreement. *See also Milton v. Scrivner, Inc.*, 53 F.3d 1118, 1121 (10th Cir.1995) (affirming summary dismissal of state law claims on preemption grounds).

Because plaintiff's claim is for breach of the CBA,[3] resolution of the claim must involve analysis of the terms of the agreement. Under the Court's holding in *Allis–Chalmers*, the claim is preempted and must be dismissed.

### 2. Equal Pay Claim

Plaintiff's Equal Pay Act claim is premised on her allegation that defendant paid John Hamilton, a telephone representative hired in 1993, more than it paid plaintiff when she became a telephone representative in 1995. U.S. West concedes that plaintiff received a different amount than Mr. Hamilton under the company's draw program, but attributes that difference not to the fact that plaintiff is female but to the fact that two different draw programs were in force under the CBAs in effect at the relevant times.

■ In order to establish a *prima facie* case under the Equal Pay Act, 29 U.S.C. § 206(d), plaintiff must prove: (a) that she was performing work which was substantially equal to that of Mr. Hamilton considering the

skills, duties, supervision, effort and responsibility of the jobs; (b) the conditions where the work was performed were basically the same; and (c) Mr. Hamilton was paid more under such circumstances. *Tidwell v. Fort Howard Corp.*, 989 F.2d 406, 409 (10th Cir. 1993). If these elements are proved, U.S. West then bears the burden of proving, by a preponderance of the evidence, that there were reasons for the wage disparity, including a seniority system, a merit system, a pay system based on quantity or quality of output, or a disparity based on any factor other than gender, § 206(d)(1); *Kenworthy v. Conoco, Inc.*, 979 F.2d 1462, 1467 (10th Cir. 1992).

■ U.S. West pays its telephone representatives a percentage of their sales over a twelve-month period. Until the end of the year, the representatives receive payments under the draw program. When the percentages are calculated at the end of the period, they receive more money if they earned more than they received under the draw, and they owe the company the difference if they earn less than their draw.

At her deposition, plaintiff conceded that both she and Mr. Hamilton were paid the same percentage of sales; her claim is therefore based solely on the fact that she received less under the draw program. At the time Mr. Hamilton became a telephone representative in 1993, the amounts of the draw payments were calculated under a "Transition Program" outlined in the CBA. When plaintiff became a telephone representative in 1995, the Transition Program was no longer in effect; the then-current CBA contained a "Draw Agreement" under which the draws were lower. It is plain, therefore, that she could not have the same draw as Mr. Hamilton because of the intervening amendment to the CBA and the substitution of the Draw Agreement for the Transition Program. The change of the draw program terms under the CBA is not a gender-specific factor.

---

**2.** Section 301 creates federal court jurisdiction for "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... or between any such labor organizations[.]" 29 U.S.C. § 185(a).

**3.** In her affidavit, plaintiff denies that her breach of contract claim is based entirely on allegations that defendant breached the applicable CBA. However, in connection with defendant's motion in limine, filed November 7, 1997, she concedes that the claim is based on the two alleged violations of the CBA and that she would not contend otherwise at trial.

U.S. West has demonstrated that there was no difference between the salary rates paid to plaintiff and Mr. Hamilton and that gender was not the basis for the difference in the draw calculations. Plaintiff has not raised any evidence in her affidavit or the exhibits attached thereto which would indicate that U.S. West's proffered reasons are a pretext for gender discrimination. Accordingly, summary judgment is proper for U.S. West on this claim. *See Conner v. Schnuck Markets, Inc.,* 121 F.3d 1390, 1397–99 (10th Cir.1997) (affirming summary judgment where plaintiff failed to challenge proffered reason for termination); *Morgan v. Hilti, Inc.,* 108 F.3d 1319, 1323–24 (10th Cir.1997) (same).

3. *Title VII Claims*

■ To establish a *prima facie* case on her national origin and age discrimination claims, plaintiff must prove: (1) she was a member of the protected class, (2) she was subjected to adverse employment action, (3) she was otherwise qualified, and (4) similarly situated employees outside the protected class were treated differently. *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 254 n. 6, 101 S.Ct. 1089, 1094 n. 6, 67 L.Ed.2d 207 (1981).

■ To make a *prima facie* case of unlawful failure to promote, plaintiff must show that: (1) she was a member of a protected group, (2) she applied and was qualified for a position for which the employer sought applicants, (3) despite her qualifications, she was rejected, and (4) the position remained open or that plaintiff was passed over in favor of someone who was not a member of a protected group. *Hooks v. Diamond Crystal Specialty Foods, Inc.,* 997 F.2d 793, 796 (10th Cir.1993) (quoting *McDonnell Douglas Corp.*

*v. Green,* 411 U.S. 792, 800, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973)), *overruled on other grounds, Buchanan v. Sherrill,* 51 F.3d 227 (10th Cir.1995).

a. *National Origin Claim*

■ U.S. West contends that plaintiff has not established a *prima facie* case of national origin discrimination because she has not asserted that she suffered any adverse employment action because she is of French origin. Her claim is based on allegations that Randy Hatch, her supervisor, told her to learn to speak English and said "Let me talk slowly so you understand." At her deposition, she agreed that Mr. Hatch made such comments only three or four times over a five-year period. She also acknowledged that one comment attributed to Mr. Hatch was actually a suggestion by a co-employee to Mr. Hatch that plaintiff take English classes.

■ Plaintiff has not shown that these alleged comments were related to the failure to promote her to telephone representative. *See Rea v. Martin Marietta Corp.,* 29 F.3d 1450, 1457 (10th Cir.1994) (plaintiff must establish discriminatory animus by showing a nexus between the allegedly discriminatory statements and the defendant's decision to terminate her). Indeed, she agreed in her deposition that Mr. Hatch was trying to help her get a promotion to telephone representative.[4]

Because plaintiff concedes that the supervisory employee alleged to have made discriminatory comments was actually supporting her efforts to obtain a promotion, she cannot prevail on her national origin claim.[5]

b. *Age Discrimination Claim*

Plaintiff asserts that U.S. West discriminated against her on the basis of age when it

---

4. Even if plaintiff had shown the required nexus between the alleged comments and the adverse employment action, her national origin could legally provide a basis for adverse employment action if she was not promoted because her accent interfered materially with job performance. *See Fragante v. City & County of Honolulu,* 888 F.2d 591, 596 (9th Cir.1989), *cert. denied,* 494 U.S. 1081, 110 S.Ct. 1811, 108 L.Ed.2d 942 (1990).

5. U.S. West also argues that plaintiff cannot show that defendant's reason for not promoting

her (the excessive errors) was pretextual. In her affidavit, plaintiff states her belief that she did not have more than the thirteen errors allowed by defendant during the relevant time period. She provides no evidentiary support for this belief and does not challenge the evidence attached to U.S. West's brief.

Plaintiff complains that the magistrate judge denied her motion to compel production of the records which would support her belief. However, she did not object to that denial, and her current criticism of the ruling does not excuse

promoted Sheryl Harris, Janice Hopple Clack, and Lisa Kopp, all younger employees, instead of plaintiff to open telephone representative positions between 1992 and 1994.

With regard to the positions filled by Sheryl Harris and Lisa Kopp, plaintiff's age discrimination claim is barred by the statute of limitations. The ADEA requires that charges of discrimination be filed within 300 days of the alleged discriminatory acts. 29 U.S.C. § 626(d); 42 U.S.C. § 2000e-5(e). Plaintiff's EEOC charge was filed December 15, 1994; 300 days prior to that date is February 18, 1994. Ms. Harris was promoted to telephone representative in November 1992; Ms. Kopp was promoted in May 1993.

With regard to the position filled by Janice Hopple Clack, U.S. West claims that plaintiff was not qualified for promotion when the positions became available because of her excessive errors.[6] Because she was not qualified for the position, she cannot establish a *prima facie* case of failure to promote.[7]

her from the necessity of producing evidence to avoid summary judgment.

6. This same argument applies to the position filled by Ms. Kopp.

7. Assuming that a *prima facie* case exists, U.S. West maintains that it had legitimate reasons for not promoting plaintiff, including the excessive errors and the fact that the panel of supervisory employees who interviewed the applicants for the position filled by Sheryl Harris rated Ms. Harris as significantly more qualified than plaintiff for the position.

Plaintiff's evidence that these reasons were pretextual takes several forms. First, she argues that U.S. West applied the transfer provisions in the CBAs inconsistently. The provision at issue stated that an employee was generally not eligible for promotion until he or she had worked twenty-four months. In October 1991, plaintiff filed a request for promotion to the next available position (there were no openings at the time); because she had only twenty-two months service, defendant returned the request to her. She argues that other, younger employees were promoted before reaching the twenty-four month mark. U.S. West agrees that Richard Sambrano and Douglas Roper were selected for promotion early but contends that there were no other qualified candidates for the positions they filled.

*Conclusion*

For the reasons stated above, defendant's motion for summary judgment is granted, and this case is dismissed with prejudice. The motion to strike is denied. Each party shall bear its own costs.

Plaintiff's allegation is weakened by the fact that she did not suffer any adverse consequences of any alleged discrimination because there were no openings for which she could have been considered until after she had satisfied the twenty-four month requirement.

Plaintiff asserts that Mr. Hatch made an ageist remark when he asked another employee, "When are you going to retire?" U.S. West contends that this remark does not reflect age bias because Mr. Hatch knew the employee was considering retirement. In addition, this is the only remark cited by plaintiff over a four-year period and is thus an "isolated" remark which would not support a claim of discrimination. *Cone v. Longmont United Hosp. Ass'n*, 14 F.3d 526, 531 (10th Cir.1994). Further, plaintiff has not shown how the remark, which was not directed to plaintiff, is related to the challenged failure to promote, particularly since she concedes in her deposition that Mr. Hatch was supportive of her advancement efforts.

Finally, plaintiff alleges that she was more qualified than Ms. Harris, based on a comment by Ms. Harris to that effect However, plaintiff has not shown that the panel which evaluated the applicants and rated Ms. Harris above plaintiff used impermissible criteria.