**F I L E D**

**UNITED STATES COURT OF APPEALS**

**NOV 15 2004**

**TENTH CIRCUIT**

SAM O. PRATHAN,

     Plaintiff-Appellant,

v.

AUTOLIV ASP, INC.,

     Defendant-Appellee.

No. 03-4255
(D.C. No. 1:01-CV-104-DAK)
(UTAH)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, **MURPHY**, and **McCONNELL**, Circuit Judges.

Plaintiff Sam O. Prathan brought an action against his former employer,

Autoliv ASP, Inc., claiming he was terminated effective October 19, 2000 in

violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et*

*seq.*, the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et*

---

*After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

*seq.*, and an implied contract. The district court granted summary judgment against Mr. Prathan on all claims. He appeals with respect to the ADA and implied contract claims. We affirm.

We review *de novo* the grant of a summary judgment to determine whether any genuine issues of material fact were in dispute and, if not, whether the district court correctly applied the substantive law. *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 792 (10th Cir. 1998). "When a motion for summary judgment is made and supported . . ., an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Geoffrey E. Macpherson, Ltd. v. Brinecell, Inc.*, 98 F.3d 1241, 1245 (10th Cir. 1996).

We have thoroughly reviewed the briefs on appeal, the entire record, and the relevant caselaw. Mr. Prathan has provided us no basis on which to reverse the district court's careful consideration of his case. In particular, we note there is no medical evidence in the record that Mr. Prathan's disability was anything other than temporary. In fact, Mr. Prathan testified in his deposition that he was no longer disabled as of November 2000. Aplt. App. at 448-49. It is clear that a temporary disability does not meet the standards of the ADA; rather, "[t]he impairment's impact must . . . be permanent or long term." *See Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 198 (2002) (citing 29 CFR §§

-2-

1630.2(j)(2)(ii)-(iii)).

Nor is there any evidence that Autoliv regarded Mr. Prathan as disabled. Rather, the evidence is to the contrary, given that the company terminated Mr. Prathan because they believed he was claiming to be disabled when, in fact, the videotaped evidence showed he was not.

We also agree with the district court that Mr. Prathan failed to establish a claim for breach of implied contract or implied covenant of good faith and fair dealing and/or that these claims are preempted by ERISA and the Utah Antidiscrimination Act. *See* UTAH CODE § 34A-5-107(15).

In sum, we **AFFIRM** the judgment of the district court substantially for the reasons given by the court in its Memorandum Decision and Order filed September 26, 2003.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-3-